■ REGINA MONGIOVI et al., Respondents, v O & Y EQUITY CORP. et al., Defendants and Third-Party Plaintiffs, et al., Third-Party Defendants. (Action No. 1.) REGINA MONGIOVI, Respondent, v SOUNDTONE FLOORS, INC., Appellant and Third-Party Plaintiff-Appellant. DYNASTY INSTALLATIONS, INC., Third-Party Defendant-Appellant. J. WALTER THOMPSON Co., Fourth-Party Plaintiff-Respondent, v ATLANTIC MUTUAL INSURANCE COMPANY et al., Fourth-Party Defendants. (Action No. 2.)— Order, Supreme Court, New York County (Fingerhood, J.), dated August 23, 1988, which denied the motion of the defendant and second third-party plaintiff Soundtone Floors, Inc.

for summary judgment dismissing the plaintiffs' complaint and all cross complaints asserted against it and further denied the cross motion of the second third-party defendant, Dynasty Installations, Inc. for summary judgment dismissing all claims and cross claims against it, unanimously reversed, on the law, and the motion and cross motion granted, without costs.

This is an action for personal injuries allegedly incurred when plaintiff Regina Mongiovi slipped and fell on a loose tile at her place of employment in the office of the third-party defendant and fourth-party plaintiff J. Walter Thompson Co. She sued several entities including Soundtone with whom plaintiff's employer had contracted to install carpeting on the third floor. Soundtone, as second third-party plaintiff, sued Dynasty with whom it had subcontracted to install the carpeting.

Plaintiff's complaint against Soundtone alleges that Soundtone installed tile in a defective condition and mentions nothing about the installation of carpeting as a cause for the broken tile. On the other hand, the fourth-party complaint of plaintiff's employer, J. Walter Thompson Co., against Soundtone, Dynasty and others does allege that the negligent installation of carpeting caused the tile to become loose.

In this summary judgment motion in which parties must lay bare their proof *(Di Sabato v Soffes,* 9 AD2d 297, 301 [1st Dept 1959]), there is no evidence of a connection between the installation of the carpeting and a broken tile. In fact, the evidence is that the carpet was installed in late 1981, the last date of work being around December 12, 1981, and that the accident occurred on or about September 20, 1982. Apparently no complaints about the installation of carpeting were received by Soundtone. The area where the tile became loose was next to the area which was carpeted. It is undisputed that at the time the carpeting was installed, several other tradesmen were doing work on the floor.

In the summer of 1982 plaintiff Regina Mongiovi noticed a loose tile. Her employer, J. Walter Thompson Co., notified the building owner and managing agent of the loose tile by letters dated August 3, August 4, and August 24, 1982. Apparently nothing was done prior to the accident of September 20, 1982.

Given the absence of any evidence connecting Soundtone and Dynasty with the broken tile, summary judgment should have been granted. Concur—Kupferman, J. P., Carro, Milonas, Rosenberger and Smith, JJ.