■ EDWARD ISOLA, Respondent, v JWP FOREST ELECTRIC CORP., Respondent, and KOREN-DIRESTA CONSTRUCTION CORP., Appellant and Third-Party Plaintiff-Appellant, et al., Third-Party Defendant. [691 NYS2d 492] —Order, Supreme Court, New York County (Emily Goodman, J.), entered April 3, 1998, which denied defendant Koren-Diresta's motion for summary judgment dismissing the complaint and cross-claims against it, or alternatively for conditional judgment of contractual and common-law indemnification against defendant JWP Forest Electric Corp., unanimously reversed, on the law, without costs, the motion granted, and all claims against appellant dismissed. The Clerk is directed to enter judgment in favor of defendant-appellant dismissing the complaint and cross-claims as against it.

Plaintiff, an iron worker, was injured when he tripped over a section of electrical conduit lying on the corrugated metal decking of a building under construction. This conduit was to be covered by concrete and become a part of the floor structure. Thereafter, plaintiff commenced this action against, *inter alia,* Koren-Diresta Construction Corp., the project's general contractor. The complaint alleged that defendant violated Labor Law §§ 200 and 241 (6) and also asserted a claim of common-law negligence. Defendant's summary judgment motion ensued.

Labor Law § 241 (6) requires that all areas where construction is being performed shall be arranged and operated so as to provide reasonable and adequate protection and safety to persons employed in or frequenting such areas. It further proves that the Commissioner of the Department of Labor may make rules to effectuate these provisions. In fact, to prevail under section 241 (6), a plaintiff must establish that a specific safety regulation promulgated by the Commissioner was violated (*see, Ross v Curtis-Palmer Hydro-Elec. Co.,* 81 NY2d 494, 504-505).

In seeking to establish that there has been such a violation, plaintiff points to Industrial Code (12 NYCRR) § 23-1.7 (e) (1) and (2). Paragraph (1) of that regulation provides that, "[a]ll passageways shall be kept free from * * * debris and from other obstructions or conditions which could cause tripping." Paragraph (2) provides that, "[t]he parts of floors * * * where persons work or pass shall be kept free from * * * debris and * * * scattered * * * materials * * * insofar as may be consistent with the work being performed."

It is evident that plaintiff fails to raise an issue of fact as to whether either of these paragraphs has been violated. As to the first, plaintiff was injured while working in an open area, not in a passageway, and, as to the second, the electrical conduit over which he fell was an integral part of the floor being constructed (*Vieira v Tishman Constr. Corp.,* 255 AD2d 235; *Lenard v 1251 Ams. Assocs.,* 241 AD2d 391). We note that plaintiff's claim, that the electrical conduit may have been "scattered materials" as opposed to an "intentionally positioned conduit," does not rise above mere speculation.

Similarly, plaintiff fails to raise an issue of fact with respect to his common-law negligence and Labor Law § 200 claims since there is no evidence that defendant-appellant supervised or controlled the work that gave rise to plaintiff's injury (*Brown v New York City Economic Dev. Corp.,* 234 AD2d 33, 34). Moreover, because the danger of tripping on the electrical conduit was open and obvious, there was no duty to warn plaintiff of this condition (*Brezinski v Olympia & York Water St. Co.,* 218 AD2d 633).

Accordingly, defendant Koren-Diresta's motion for summary judgment should have been granted and the complaint and cross-claims as against it dismissed. Concur—Rosenberger, J. P., Nardelli, Lerner, Saxe and Friedman, JJ.