■ ESMERALDA MARTINEZ et al., Appellants, v TRUSTEES OF COLUMBIA UNIVERSITY IN THE CITY OF NEW YORK et al., Respondents. [706 NYS2d 386] —Order, Supreme Court, Bronx County (Bertram Katz, J.), entered on or about February 24, 1999, which granted defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

In this action seeking recovery for personal injuries resulting from a slip and fall accident, plaintiffs contend that the placement of a drop cloth by a painter hired by their landlord constituted a hidden, unsafe condition. In her deposition testimony, Esmeralda Martinez stated that she was aware that the painter had placed the drop cloth on the floor of the hallway within her apartment, that when she tripped she did not pay any attention to the drop cloth beneath her feet since she was looking at the painter, and that she noticed that the drop cloth was "ill-placed" only after she had fallen. The IAS Court properly granted defendants' motion to dismiss since there is no factual issue as to whether defendants created a dangerous condition. There is no evidence that the placement of the drop cloth was a trap or hidden hazard, much less that it was defective. Plaintiff's own proof establishes that the fall was most likely caused by inattentiveness to where she was walking. There is no direct evidence connecting the drop cloth placement and the reason for the fall (*Mongiovi v O & Y Equity*

*Corp.*, 148 AD2d 358, 359). There is likewise no direct evidence from which one could conclude that the fall was caused by the condition of the drop cloth (*Jacobsohn v New York Hosp.*, 250 AD2d 553). There is no factual basis from which an inference of negligence could be drawn against defendants (*Morales v Foodways, Inc.*, 186 AD2d 407, 408). Plaintiffs' evidence establishes that plaintiff did not look at the drop cloth she knew was on the floor beneath her feet and that she did not know the actual cause of her fall (*Capraro v Staten Is. Univ. Hosp.*, 245 AD2d 256). Unable to establish causation and unable to establish the existence of a dangerous condition, defendants' motion was properly granted (*see also, Sataline v Agrek Enters.*, 173 AD2d 227). Concur—Williams, J. P., Tom, Saxe, Buckley and Friedman, JJ.