■ ROBERT WENDELL et al., Appellants, v SYLVAN LAWRENCE Co. et al., Respondents. [720 NYS2d 24] —Order, Supreme Court, New York County (Edward Lehner, J.), entered December 3, 1999, which, *inter alia*, granted defendant building owner's and building tenant's motion for summary judgment dismissing plaintiffs' Labor Law § 240 (1) and § 200 causes of action, and denied plaintiffs' cross motion for summary judgment on the issue of defendants' liability under Labor Law § 240 (1), unanimously affirmed, without costs.

After performing repairs in the fan room on the roof of defendants' building, plaintiff, while on his way back into the building, tripped and fell over water condenser pipes permanently attached to the roof and 2½ feet off the ground. Plaintiff's Labor Law § 240 (1) cause of action was properly dismissed since plaintiff did not use the pipes in the performance of the repair work in the fan room, and indeed could have avoided the pipes altogether by taking alternate routes back into building; thus, the pipes were hardly the functional equivalent of a scaffold (*compare, Brennan v RCP Assocs.*, 257 AD2d 389, *lv dismissed* 93 NY2d 889; *Craft v Clark Trading Corp.*, 257 AD2d 886, 887-888). In addition, plaintiff's fall over the pipes was not a gravity-related accident as contemplated by Labor Law § 240 (1) (*see, Melber v 6333 Main St.*, 91 NY2d 759, 762-763). As the IAS Court stated, plaintiff did not fall from a height but simply tripped over low-lying, permanently attached, normally appurtenant objects that he had climbed over many times before. Since any danger posed by these pipes was open and obvious to plaintiff, who had traversed them many times during his 27-year period of employment and did so shortly before this incident, the Labor Law § 200 cause of action was also properly dismissed (*see, Brezinski v Olympia & York Water St. Co.*, 218 AD2d 633, 635). Concur—Williams, J. P., Andrias, Lerner, Saxe and Buckley, JJ.