■ JEANNE FABIAN, Respondent, v SUNBURY FOOTACTION, INC., Appellant, et al., Defendant. [738 NYS2d 590] —In an action to recover damages for personal injuries, the defendant Sunbury Footaction, Inc., appeals from an order of the Supreme Court, Queens County (Kitzes, J.), dated November 30, 2000, which denied its motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the complaint is dismissed insofar as asserted against the appellant, and the action against the remaining defendant is severed.

After the appellant established its prima facie entitlement to judgment as a matter of law, the plaintiff failed to raise a triable issue of fact. The plaintiff testified at her examination before trial that she entered the appellant's store and walked directly to a bench in front of a wall displaying sneakers. After sitting on the bench for approximately 20 minutes, the plaintiff stood up, looked to her right, straight at the cashier, took a step or two, and struck her right knee on the corner of the bench on which she had been sitting. The plaintiff's injury occurred because she failed to observe an open and obvious condition, namely, the bench she had been sitting on (*see, Maravalli v Home Depot U.S.A.,* 266 AD2d 437; *Lamia v Federated Dept. Stores,* 263 AD2d 498; *Binensztok v Marshall Stores,* 228 AD2d 534, 535). Under these circumstances involving an open and obvious condition, there was no triable issue of fact, and the Supreme Court should have granted the appellant's motion for summary judgment (*see, Meyer v Tyner,* 273 AD2d 364). Altman, J.P., Adams, Townes and Crane, JJ., concur.