[771 NYS2d 109]

Robert Jones, Appellant, v Presbyterian Hospital in the City of New York, Defendant, and Trustees of Columbia University, Respondent.

First Department, January 22, 2004

### APPEARANCES OF COUNSEL

*Cannon & Acosta, LLP (Sharon Staudigel* of counsel), for appellant.

*Rivkin Radler LLP (Cheryl F. Korman, Evan H. Krinick* and *Christopher J. Schulte* of counsel), for respondent.

### OPINION OF THE COURT

MARLOW, J.

In this personal injury action, plaintiff allegedly fell while descending two steps in an auditorium owned and operated by defendants. The two stairs led from the last row of seats, where plaintiff had been sitting, down to a central aisle. Plaintiff had been to the auditorium somewhere between 5 and 10 times prior to the accident. Although plaintiff testified that he cannot recall exactly where he sat in the auditorium on those prior occasions, it is undisputed that he ascended the two steps and sat down only a few minutes before he got back up to leave. No one left the row before plaintiff did, but he was conscious of the fact that his row was higher than the aisle and he remembered that he had to make a descent. Plaintiff's sole claim is that he thought there was only one step, rather than two, because: (1) he forgot about the "middle" step; and (2) even though he was looking down, it appeared to him to be only one step, since the stairs were covered with the same carpeting as the seat platform and aisle.

We find, as a matter of law, that the stairs did not pose a reasonably foreseeable hazard, and thus the open and obvious doctrine, invoked by the IAS court, is irrelevant (*see Schurr v Port Auth. of N.Y. & N.J.,* 307 AD2d 837 [2003]; *Hyman v Queens County Bancorp,* 307 AD2d 984 [2003]; *see also Cupo v Karfunkel,* 1 AD3d 48, 52 [2003] ["We do not suggest that a court is precluded from granting summary judgment to a landowner on the ground that the condition complained of by the plaintiff was both open and obvious and, as a matter of law, was not inherently dangerous" (emphasis omitted)]). There is no claim that the stairs were structurally unsafe, no claim that some debris on them caused plaintiff to fall, and no claim that the carpeting was tattered in a way that snagged his foot. Nor does plaintiff complain of the adequacy of the lighting in the auditorium. He does not even argue that he was unaware he had to step down

from his row to the aisle.* Rather, he effectively claims that he miscalculated the number of steps he had to descend. Thus, this case is legally indistinguishable from *Schurr* (*supra*), in which the plaintiff allegedly tripped and fell while descending the steps of a motionless escalator, which loss of footing she attributed to the uneven spacing of the stopped escalator's risers. As we noted there, the plaintiff herself recognized that the decrease in riser height at the bottom of an escalator is a condition found on all escalators, moving and stationary, and the defendants "were under no duty to warn of *or otherwise protect plaintiff* from a condition that posed no reasonably foreseeable hazard" (*id.* at 838 [emphasis added]; *see also Borra v Walden Books*, 298 AD2d 542 [2002]; *Fabian v Sunbury Footaction*, 292 AD2d 340 [2002]). As with all owners of property with staircases, these defendants had no obligation to warn plaintiff of the precise number of steps separating the two levels.

Plaintiff argues that, even if there were no duty to warn, defendants still had a duty to maintain the premises in a reasonably safe condition. However, the "remedies" plaintiff posits are in reality warnings nonetheless, namely, placing illumination or other markings on the stairs or covering them with carpeting with a design different from the seat row and aisle. Such adjustments, of course, do not eliminate the stairs, the very fixture of which plaintiff admittedly was conscious and admittedly was watching when he says he fell. In any event, under these particular circumstances it would be sheer speculation for a jury to find that the proposed "remedies"/warnings would have prevented this plaintiff from falling (*see Hyman*, 307 AD2d at 986-987). According to plaintiff's consulting engineer, some sort of distinguishing markings should have been placed on the stairs to advise patrons of the existence of the steps. However, plaintiff does not dispute that he was already aware of the existence of stairs. Indeed, even plaintiff's expert does not propose that each step be marked in a manner to differentiate it from every other. Thus, plaintiff has failed to demonstrate an issue of fact whether the lack of certain markings proximately caused his fall (*see Manton v Summit*, 288 AD2d 155 [2001]). In fact, just as in *Hyman* (*supra*), the record conclusively demonstrates it did not (*see Gonzalez v Fastflex, Inc.*, 270 AD2d 229 [2000]).

---

* There is no evidence in the record that plaintiff suffered from a general condition of severe memory loss, and I decline to adopt the dissent's per se rule that septuagenarians are subject to poor memory, a sentiment with which at least some members of this Court and others perhaps might take issue.

To the extent plaintiff's expert opined that the "short flight" stairway should have been somehow removed, that opinion was based solely on the New York State Uniform Fire Prevention and Building Code (9 NYCRR 765.4 [a] [4], [10]), which is inapplicable since it pertains only to fire exit stairs. Moreover, the auditorium was constructed in 1961, well before the promulgation of the regulation, and is therefore not subject to its provisions. Finally, plaintiff cites no other formal, applicable standard which these stairs violated (*see Hyman*, 307 AD2d at 986-987).

Accordingly, the order of the Supreme Court, New York County (Shirley Werner Kornreich, J.), entered October 8, 2002, which, to the extent appealed from as limited by the briefs, granted defendant-respondent's motion for summary judgment dismissing the complaint as against it, should be affirmed, without costs.

SAXE, J. (dissenting). With surgical precision, the majority has today eliminated the historic function of the jury as the factfinder in a negligence case. In fact, finding the traditional fact-laden concepts of negligence—foreseeability and proximate cause—to be an inconvenience, it concludes, *as a matter of law* in this premises liability case, that there is simply no reasonably foreseeable hazard present and goes on to nonsuit the plaintiff.

This appeal concerns a claim of a hazard contained in the interior design of a building. Plaintiff asserts that he was caused to fall by an unsafe condition in an auditorium within the Presbyterian Hospital in the City of New York, owned and operated by the Trustees of Columbia University. The condition concerns the design of the final row of seats in the balcony of the auditorium. While all the other rows of seats are on the same level as the aisle, the final row of seats is set on a raised platform, and a "short flight" stairway, consisting of two stairs, leads off the aisle into this row of seats. These two stairs are covered with the same patterned carpeting as that covering the aisle and the seat platform. Although plaintiff, who was almost 75 years old at the time of the accident, noticed that he had to step up onto the raised platform to take a seat, he had not noticed that there were two stairs, and consequently, when he proceeded to leave his seat during a break in the lecture, he misstepped on the first step, lost his footing and fell, fracturing his hip. Plaintiff asserts that the design of the last row of the auditorium, with its two stairs leading to the raised platform,

constitutes an unsafe condition; he further asserts that the use of the identical patterned carpeting without any special markings on the two stairs contributed to his failure to take note of them as he left.

In moving for summary judgment, defendant Trustees of Columbia University, the owner of the premises, contends that the presence of the two stairs was open and obvious as a matter of law, precluding any liability on its part. The motion court agreed and dismissed the complaint on that ground. The majority here affirms on different grounds, concluding that there was no reasonably foreseeable hazard. I disagree both with defendant's contention and with the majority's reasoning, and would reverse and reinstate the complaint.

*Premises Liability—Issues of Fact*

Unlike the majority, I perceive important issues of fact precluding summary judgment. The predominant rule of law that is applicable here is that an owner of property has a duty to use reasonable care to keep the premises in a reasonably safe condition for the protection of visitors to the property (*see Basso v Miller*, 40 NY2d 233 [1976]). If a property owner creates a condition which poses a foreseeable risk of injury to individuals expected to be present on the property, its duty to maintain the premises in a reasonably safe condition may be violated (*see Monge v Home Depot*, 307 AD2d 501 [2003]). Determination of the issue of an owner's liability for a condition on premises is generally addressed in three stages: (1) whether there is an unsafe condition, (2) whether the defendant was negligent in failing to take the steps necessary to maintain a reasonably safe condition, and (3) whether such negligence was a substantial factor in causing the plaintiff's injury (PJI3d 2:90 [2003]).

As to the first point, although normally stairs do not, in themselves, constitute an unsafe condition, nevertheless, aspects of their positioning, placement or related features such as the absence of adequate lighting or handrails may render them unsafe (*see e.g. Guzman v Haven Plaza Hous. Dev. Fund Co.*, 69 NY2d 559 [1987]). Here, the hazard is based upon the placement of the stairs between rows of auditorium seats, and their camouflaged nature allegedly resulting from the patterned carpet covering the seat platform, the aisle and the stairs, without any design feature to call attention to the presence of the two stairs such as contrasting flooring or highlighting. This description of the condition creates an issue of fact as to whether it was reasonably foreseeable that a visitor to the auditorium,

standing up from his seat within the row and heading toward the aisle, would fail to remember and/or notice the presence of stairs, or the number of stairs, on the way out, and misstep as a result.

The second and third points of the analysis also present questions of fact, regarding whether the owner took such actions as would be reasonable in order to satisfy its duty to maintain the premises in a reasonably safe condition, and whether it was plaintiff's own comparative negligence that constituted the sole cause of his accident.

Yet, the majority concludes, *as a matter of law,* that the two-stair riser leading down to the aisle from the row of seats did not constitute a reasonably foreseeable hazard, thereby slamming the door on a proper analysis. In doing so, they obliterate the questions of fact regarding reasonableness and foreseeability that ought to be left to a jury. Furthermore, in emphasizing plaintiff's acknowledgment that he knew of the presence of the raised platform, but forgot or failed to observe that there were two stairs on the way back down, the majority also obliterates the jury question of plaintiff's comparative negligence.

In concluding that this matter should be disposed of as a matter of law, the majority also relies upon this Court's recent decision in *Schurr v Port Auth. of N.Y. & N.J.* (307 AD2d 837 [2003]), suggesting that its reasoning must be applied here as well. There, the plaintiff had misstepped while descending a nonworking escalator, and claimed that the defendant was negligent in failing to warn of the decrease in riser height as the bottom of the escalator is approached, or otherwise protect people from the condition. The decision explained that the defendants "were under no duty to warn of or otherwise protect plaintiff from a condition that posed no reasonably foreseeable hazard" (*id.* at 838). However, the facts presented here are distinguishable from those in *Schurr,* and therefore its ruling is inapplicable here.

In *Schurr,* the nonmoving escalator was constructed and situated in the normal way, to serve its proper and expected function. Nothing was hidden or obscured. In contrast, in the case before us, the short-rise stairs were placed between rows of auditorium seats in such a way that, arguably, a person within the row was likely to forget or overlook their existence or number, or to be unable to easily discern their number while descending. This was not an ordinary staircase, apparent to all, requiring neither warnings nor explanations; this was two

stairs, obscured between seat rows. Therefore, unlike an escalator, as to these stairs a jury could properly conclude that the placement of the stairs created a hazard and that the property owner could have taken remedial measures to eliminate or reduce the risk of an accident.

The majority makes much of plaintiff's acknowledgment that he "knew" the steps were there. But, both common sense and the law recognize that when a feature of one's surroundings is somewhat obscured, at least from certain angles, it is foreseeable that the "known" condition may still be overlooked.

The Restatement of Torts recognizes the possibility that, as to some design features, a property owner may be charged with anticipating that visitors could observe and yet subsequently overlook a condition, thereby supporting a finding that the condition poses a hazard. The basic rule is section 343A (1) of the Restatement (Second) of Torts: "A possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them, *unless the possessor should anticipate the harm despite such knowledge or obviousness*" (emphasis added). Comment *f* to the section more fully explains that a property owner is not relieved of the duty of reasonable care where a defect or hazardous condition is readily observable, "where the possessor has reason to expect that the invitee's attention may be distracted, *so that he will not discover what is obvious, or will forget what he has discovered*, or fail to protect himself against it" (emphasis added).

The possibility that a person will "forget what he has discovered" (*id.*) is elaborated on in Illustration 3 of this Restatement provision:

> "The A Drug Store has a soda fountain on a platform raised six inches above the floor. The condition is visible and quite obvious. B, a customer, discovers the condition when she ascends the platform and sits down on a stool to buy some ice cream. When she has finished, she forgets the condition, misses her step, falls, and is injured. If it is found that this could reasonably be anticipated by A, A is subject to liability to B."

The same reasoning applies in the present case. It may be found that defendants could have reasonably anticipated the possibility of an attendee at an event in the auditorium forgetting the

presence, or the number, of steps on the way out of the row of seats to the aisle.

The majority's conclusion that the stairs were not a reasonably foreseeable hazard is, on some level, simply another way of saying what the motion court concluded: that the stairs were "open and obvious" and that, therefore, the owner of the property could not be held liable for plaintiff's accident. The logic of both the majority here and the motion court is that the plaintiff could see the stairs, and was well aware of the stairs, and the owner of the property therefore had no duty to take any action regarding the stairs. Yet, the majority must agree that the motion court erred in dismissing the action on this ground.

*The Law Regarding Open and Obvious Conditions*

The law upon which the motion court decided this matter, the so-called "open and obvious" doctrine, limits the duties the law imposes upon a property owner when a hazard on the property is apparent to all. The doctrine provides that a landowner has no duty to warn of an open and obvious danger; it applies to defects that would be noticed by "[a]ny observer reasonably using his or her senses" (*Tagle v Jakob*, 97 NY2d, 165, 170 [2001]). The theory behind the doctrine is this:

> "Where a danger is readily apparent as a matter of common sense, 'there should be no liability for failing to warn someone of a risk or hazard which he [or she] appreciated to the same extent as a warning would have provided.' . . . Put differently, when a warning would have added nothing to the user's appreciation of the danger, no duty to warn exists as no benefit would be gained by requiring a warning." (*Liriano v Hobart Corp.*, 92 NY2d 232, 242 [1998], quoting Prosser and Keeton, Torts § 96, at 686 [5th ed].)

The motion court concluded that the alleged design defect was, as a matter of law, open and obvious, and that therefore dismissal of this action was required. This conclusion was incorrect in two respects.

First, the issue of whether a defect is open and obvious is generally one of fact, which should not be determined as a matter of law (*see Liriano* at 242; *Tagle* at 169). Here, in view of the placement of the two stairs between the rows of seats, the lack of any design element highlighting their presence, and plaintiff's explanation that the patterned carpeting had a camouflaging effect, it cannot be fairly said that the presence of

the two stairs is so obvious that it would necessarily be noticed by any observer reasonably using his or her senses, so as to make any warning superfluous. Rather, the question of whether this hazard was apparent to an observer in the area could depend, in part, upon the observer's angle in relation to it. Plaintiff's description of his accident, as well as the submitted photocopies of photographs, supports a possible finding that the two-stair riser, though quite noticeable upon approaching it from the aisle, is less noticeable by a person standing immediately above it within the row of auditorium seats, particularly given the asserted camouflaging effect of the carpeting; whether or not the carpeting caused a "deceptive visual pattern" that concealed the stair, as the patterned sidewalk may have done in *Hughes v City of New York* (NYLJ, Nov. 25, 2002, at 19, cols 4, 5), presents an issue for the jury.

In contrast, in cases where the open and obvious doctrine was applied as a matter of law, the hazard or defect was of a nature that could not reasonably be overlooked by anyone in the vicinity whose eyes were open. For instance, the Court of Appeals applied it in *Tagle v Jakob* (97 NY2d 165 [2001]), in which an individual climbed a tree and touched an electrical transmission wire suspended through it. In *Isola v JWP Forest Elec. Corp.* (267 AD2d 157 [1999]), the plaintiff was an iron worker who tripped over a section of electrical conduit lying in an open area on the corrugated metal decking of a building under construction. Similarly, in *Wendell v Sylvan Lawrence Co.* (279 AD2d 383 [2001]), the plaintiff, working on the roof of a building, tripped over water condenser pipes permanently attached to the roof, which pipes were out in the open and which he had passed many times in his 27-year employment with the defendant. These hazards, much like an automobile tire in the middle of a kitchen floor (*see Gaggiano v Sinicki*, 255 AD2d 953 [1998]), could not reasonably be overlooked by anyone present, and a posted warning of the presence of the hazard would have provided no additional protection.

The mere fact that a defect or hazard is capable of being discerned by a careful observer, or even that the plaintiff previously observed it, does not end the analysis. The nature or location of some hazards, while they are technically visible, make them likely to be overlooked, due to distractions inherent in their location, or due to the very nature of the hazard.

Illustrating the concept that even visible hazards do not necessarily qualify as open and obvious is *Thornhill v Toys "R" Us*

*NYTEX*, 183 AD2d 1071 [1992]), in which summary judgment was denied where a customer tripped and fell over a raised platform in a department store. The Court explained that an issue of fact was presented as to whether the platform was open and obvious, even though the platform was discernible, and indeed, the plaintiff had initially noticed and avoided it, pointing to photographs revealing that the presence of the platform was *not as clearly discernible* from the rear as it was from the front, due to the presence of circular display racks (*id.* at 1073).

The hazard at issue here, unlike those in *Tagle v Jakob, Isola v JWP Forest Elec. Corp.* or *Wendell v Sylvan Lawrence*, was not at eye level nor out in the open, obvious to anyone present, and difficult to overlook. Not only was it at floor level, but in a smaller, more enclosed space than that considered in *Isola* and *Wendell*.

Nor should the law rely upon a person's one-time, brief prior observation of a condition to hold, as a matter of law, that it was open and obvious. For many people, particularly older people, when they begin to experience memory loss, it is the most recent information and observations that are the most quickly forgotten (*see* Blakeslee, *Memory Repair*, New York Times, Oct. 8, 1989, section 6, part 2, at 58, col 1; Goleman, *Mental Decline in Aging Need Not Be Inevitable*, New York Times, Apr. 26, 1994, section C, at 1, col 4). While an employee who has encountered a condition regularly for years might be chargeable with remembering its existence (*see e.g. Wendell v Sylvan Lawrence Co.*, 279 AD2d 383 [2001]), the same should not hold true for a visitor who encountered it once, without any need to pay attention to it, for an interval lasting only seconds.

Although the presence of the two stairs should not have been deemed open and obvious *as a matter of law*, in any event the motion court erred by applying this rule more broadly than permissible, by eradicating not only the duty to warn, but any duty to protect against or eliminate the hazard. It is now well established that even where it is properly found that the hazard is open and obvious, the only duty of the property owner that is eliminated as a result is the duty to warn of the hazard, not the broader duty to maintain the premises in reasonably safe condition (*see Cohen v Shopwell, Inc.*, 309 AD2d 560 [1st Dept 2003]; *Cupo v Karfunkel*, 1 AD3d 48 [2d Dept 2003]; *MacDonald v City of Schenectady*, 308 AD2d 125 [3d Dept 2003]; *Holl v Holl*, 270 AD2d 864 [4th Dept 2000]). In addition to warning of a hazard, a property owner's duty may involve protecting visitors against

it, eliminating it or remedying it, depending upon the nature of the condition (*see Pinero v Rite Aid of N.Y.*, 294 AD2d 251 [2002], *affd* 99 NY2d 541 [2002]).

The majority argues that such modifications as lights and contrasting flooring merely amount to warnings, implying that such warnings are irrelevant; but such warnings would only be superfluous if the Court were to deem the condition open and obvious, which the majority does not do. If the condition is not deemed open and obvious, modifications such as lighting on the steps might be found by a jury to be the reasonable manner in which to protect visitors from misstepping; the inapplicability of the subsequently-enacted building codes does not preclude the jury from finding that a modification of this type would have been a reasonable manner in which to protect visitors to the auditorium. In any event, alterations other than of a warning nature, such as a short handrail over the short-rise stairs, might be considered by a jury to be an adjustment a reasonable owner of the premises ought to have made to eliminate the danger. The question of whether the property owner took such precautions as were reasonable to protect against the hazard is for the jury to decide.

To assert, as does the majority, that it would be speculation for a jury to find that the proposed remedies or warnings would have prevented this plaintiff from falling, is nothing more than a transparent attempt to undercut the concepts underlying *Basso v Miller* (*supra*) and the law of premises liability. We do not require a plaintiff in a premises liability case to guarantee that the remedial measures the owner could have taken would necessarily have prevented the accident. Rather, we require a plaintiff to establish that a hazardous condition was present, that the owner failed to take appropriate steps to render it reasonably safe, and that this failure was a proximate cause of the accident; the defendant has the opportunity to establish that, in any event, any such failure was not a proximate cause of the accident in that the plaintiff's own carelessness was the sole cause. Based upon the claims and evidence submitted here, we should leave these questions to a jury.

BUCKLEY, P.J., ANDRIAS and LERNER, JJ., concur with MARLOW, J.; SAXE, J., dissents in a separate opinion.

Order, Supreme Court, New York County, entered October 8, 2002, affirmed, without costs.