*28 OPINION OF THE COURT
Per Curiam.
Order, dated April 26, 2006, reversed, with $10 costs, defendant’s motion for summary judgment dismissing the complaint is granted and plaintiffs’ cross motion for leave to amend their bill of particulars is denied as academic. The clerk is directed to enter judgment accordingly.
The negligence action seeks damages for personal injuries allegedly sustained by the infant plaintiff when, on July 7, 2001, she fell and struck her head on a wooden bench in the children’s section of defendant’s bookstore. In her October 2004 deposition testimony plaintiffs mother stated that she “believe[d]” that “a snag in the carpet” near the bench caused her daughter to fall, but acknowledged that no such snag was discernible in photographs of the area taken by her a few days after the incident. No mention of a carpet defect was made in the bill of particulars submitted on plaintiffs’ behalf in February 2004, and, more critical to our analysis, that theory of liability was not pursued in the March 2006 attorney’s affirmation which formed the sole basis of plaintiffs’ opposition to defendant’s motion for summary judgment. Instead, plaintiffs’ bill of particulars merely stated, “somewhat vague [ly]” as plaintiffs’ counsel acknowledged below, that defendant had allowed an unspecified “dangerous and hazardous condition” to exist in the area of the accident, while the affirmation submitted by plaintiffs’ attorney alleged, without elaboration, that the bench itself — one of four small, rectangular benches surrounding a circular table — constituted an “inappropriate fixture.” In their respondents’ brief on appeal, plaintiffs now inform us that their oft-shifting theory of recovery is not that defendant’s negligence “caused the child to fall,” but that defendant’s placement of the bench “caused her to be injured as the result of what would otherwise have been an innocuous fall to the carpeted floor.”
Summary judgment dismissal is warranted, since plaintiffs failed to raise a triable issue as to whether defendant created a dangerous condition. There was no evidence that the placement of the bench next to a table in the bookstore was a trap or hidden hazard (see Martinez v Trustees of Columbia Univ. in City of N.Y., 271 AD2d 223 [2000]; Cherry v Hofstra Univ., 274 AD2d 443 [2000]; cf. Centeno v Regine’s Originals, 5 AD3d 210 [2004]). While the placement of the bench may have furnished the occasion upon which the infant plaintiff was injured, it was not a legal cause of the accident (see Derdiarian v Felix Contr. Corp., *29 51 NY2d 308 [1980]; Davis v City of New York, 281 AD2d 251 [2001]). Nor was there evidence from which a factfinder could conclude that the accident was caused by the condition or shape of the bench (see Martinez v Trustees of Columbia Univ., 271 AD2d at 224; see also Fabian v Sunbury Footaction, 292 AD2d 340 [2002]). Thus, plaintiffs established no factual basis from which an inference of negligence could be drawn against defendant. To hold that defendant created a reasonably foreseeable hazard by providing benches for children to sit on in a reading area of its bookstore “would be to stretch the concept of foreseeability beyond acceptable limits” (Chaney v Abyssinian Baptist Church, 246 AD2d 372, 372 [1998], lv denied 92 NY2d 805 [1998]).
McKeon, EJ., McCooe and Schoenfeld, JJ., concur.