■ ROBERT BOOTH, Respondent, v SEVEN WORLD TRADE COMPANY, L.P., et al., Appellants, et al., Defendant. [918 NYS2d 428]—

Plaintiff, a construction site superintendent employed by nonparty general contractor Tishman Construction Corporation, was injured on January 17, 2005 while completing a walk-through on the 42nd floor of the building owned by defendants. Plaintiff arrived on site at approximately 6:00 A.M. and went directly to the superintendent's office located on the fourth floor of the building. After spending time with several other construction site superintendents, plaintiff left the office, by himself, at around 7:30 A.M. to begin his biweekly walk-through of the construction site. He took the elevator to the 42nd floor, the highest floor that had been completed at that point. The 42nd floor was open to the elements on the sides, but was enclosed overhead by a concrete floor. When plaintiff exited the elevator on the 42nd floor, at approximately 8:00 A.M., he observed two to three inches of snow.

Plaintiff saw two surveyors when he exited the elevator, but did not notice if any other workers were present. The record does not establish why the surveyors were present or who employed them. As plaintiff crossed the core of the building to speak with one of the surveyors, he tripped on an unknown object covered by snow and ice. He slid and injured his back when he struggled to keep himself upright. Plaintiff testified that he did not see the object, and that it "could have been anything from a bolt to a screw to a piece of rod." He also was unsure of what, if any, work had taken place on the 42nd floor prior to his accident.

Plaintiff commenced the instant action against defendants alleging violations of Labor Law §§ 240, 241 (6) and § 200, as well as common-law negligence. Plaintiff alleged liability under Labor Law § 241 (6) based on violations of Industrial Code (12 NYCRR) § 23-1.7 (d) and (e). Defendants moved for summary judgment, and the lower court denied the motion in its entirety.

The motion court should have dismissed that part of the

Labor Law § 241 (6) claim premised upon a violation of 12 NYCRR 23-1.7 (e) ("Tripping and other hazards"). This section is inapplicable because there is no evidence in the record to show that the object was debris, tools, or even a tripping hazard. Indeed, plaintiff stated in his deposition testimony that it "could have been anything from a bolt to a screw to a piece of rod"—a statement that does not rise above mere speculation (*Isola v JWP Forest Elec. Corp.*, 267 AD2d 157 [1999]). In *Isola*, this Court noted that the plaintiff's claim that the alleged tripping hazard may have been scattered materials was not enough to establish that a specific safety regulation had been violated (267 AD2d at 158). Similarly, in *Greenfield v New York Tel. Co.* (260 AD2d 303, 304 [1999], *lv denied* 94 NY2d 755 [1999]), this Court held that the plaintiff's inability to recall what caused him to trip required dismissal of the 12 NYCRR 23-1.7 (e) claim.

The motion court properly declined to dismiss the Labor Law § 241 (6) claim based on a violation of 12 NYCRR 23-1.7 (d) ("Slipping hazards"). Here, the accident occurred on a floor, platform or other working surface within the meaning of Industrial Code (12 NYCRR) § 23-1.7 (d). The evidence that plaintiff slipped on snow and ice raises a triable issue as to whether "someone within the chain of the construction project was negligent in not exercising reasonable care, or acting within a reasonable time, to prevent or remediate the hazard" (*Rizzuto v L.A. Wenger Contr. Co.*, 91 NY2d 343, 351 [1998]; *Temes v Columbus Ctr. LLC*, 48 AD3d 281 [2008]). Plaintiff testified that he arrived on site two hours prior to his accident, and spent the first hour and a half in the trailer with the other superintendents. He further explained that Tishman workers typically arrived at the site and started work at 7:30 A.M. According to defendants' forensic meteorologist, it began snowing on the morning of the accident at 1:30 A.M. and continued snowing until approximately 8:00 A.M. Because plaintiff's accident occurred almost seven hours after the snow began and several hours after other workers were on the premises, there are triable issues as to whether someone within the chain of construction knew about the presence of snow and ice and acted negligently in failing to remove it, or at least rope off the dangerous areas, prior to the accident (*see id.*). It does not matter, as defendants contend, that no employees of the general contractor or subcontractors went to the 42nd floor prior to plaintiff's accident. It is enough that employees were on site for an extended period before plaintiff's accident, and that it was snowing for a sufficient time to provide the required notice.

Nor is it relevant that it was snowing up until the time of

plaintiff's accident. Although the storm in progress doctrine applies in common-law negligence cases, it does not apply to 12 NYCRR 23-1.7 (d) because "[t]hat subdivision includes no exception for storms in progress" (*Rothschild v Faber Homes*, 247 AD2d 889, 890 [1998]). Moreover, plaintiff testified at his deposition that he did not know whether Tishman laborers were responsible for snow removal at the site. If plaintiff saw a dangerous condition, he would report it to the labor foreman, who would then direct the Tishman laborers accordingly. Even if snow removal fell within the scope of plaintiff's responsibilities, such would only be relevant in determining comparative fault, and would not require a grant of summary judgment in defendants' favor.

Plaintiff's Labor Law § 200 and common-law negligence claims are dismissed, as plaintiff concedes that these claims are not viable as against defendants. Concur—Tom, J.P., Moskowitz, Freedman, Richter and Manzanet-Daniels, JJ.