# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1389**

**CA 11-01232**

PRESENT: SCUDDER, P.J., CENTRA, CARNI, LINDLEY, AND MARTOCHE, JJ.

---

KENNETH J. HECKER, CLAIMANT-APPELLANT,

V                                                          MEMORANDUM AND ORDER

STATE OF NEW YORK, DEFENDANT-RESPONDENT.
(CLAIM NO. 116642.)

---

MODICA & ASSOCIATES, ATTORNEYS, PLLC, ROCHESTER (JEFFREY A. VAISEY OF
COUNSEL), FOR CLAIMANT-APPELLANT.

KENNEY SHELTON LIPTAK NOWAK, LLP, ROCHESTER (RICHARD C. BRISTER OF
COUNSEL), FOR DEFENDANT-RESPONDENT.

---------------------------------------------------------------------------------------------------------

Appeal from an order of the Court of Claims (Renee Forgensi
Minarik, J.), entered October 21, 2010 in a personal injury action.
The order granted the motion of defendant for summary judgment,
dismissed the claim and denied claimant's cross motion for partial
summary judgment.

It is hereby ORDERED that the order so appealed from is affirmed
on the law without costs.

Memorandum:  Claimant commenced this action seeking damages for
injuries he sustained based upon, inter alia, defendant's alleged
violation of Labor Law § 241 (6).  Claimant's employer had contracted
with defendant to perform rehabilitation work on an historic lift
bridge, but several months after the work was completed it became
necessary to replace defective components in the lift mechanism 30
feet below the ground.  Claimant was shoveling snow from the diamond
plate decking at the corner of the bridge in order to access the pit
door when he slipped and fell onto his back.  The Court of Claims
granted defendant's motion for summary judgment dismissing the claim,
which alleged various violations of the Labor Law and common-law
negligence, but the sole issue before us on appeal is whether the
court properly granted the motion insofar as defendant sought
dismissal of the Labor Law § 241 (6) claim to the extent that it is
premised on the violation of 12 NYCRR 23-1.7 (d).  That regulation
requires that an employer "shall not suffer or permit any employee to
use a floor, passageway, [or] walkway . . . which is in a slippery
condition.  Ice, snow, [and] water. . . which may cause slippery
footing shall be removed, sanded or covered to provide safe footing."
We agree with claimant that the court erred in relying upon *Gaisor v
Gregory Madison Ave., LLC* (13 AD3d 58) in determining that snow
removal was an integral part of claimant's work and thus that he could

not allege a violation of Labor Law § 241 (6) based on that regulation in connection with injuries he sustained while removing the snow. Instead, we conclude that, "[e]ven if snow removal fell within the scope of [claimant's] responsibilities, such would only be relevant in determining comparative fault, and would not require a grant of summary judgment in defendant['s] favor" (*Booth v Seven World Trade Co., L.P.*, 82 AD3d 499, 502).

We nevertheless affirm the order on other grounds. Although the parties do not specifically address, on appeal, the issue whether 12 NYCRR 23-1.7 (d) applies to the facts herein, claimant's bill of particulars and cross motion alleged the applicability of the regulation and claimant appealed from the entire order, including that part denying his cross motion. Under the circumstances of this case, we conclude that we may review the applicability of the regulation to the facts herein and, upon such review, we conclude that the record establishes that it does not apply. Although claimant had shoveled sidewalks to reach the corners of the bridge where he would access the subterranean work site, and the pit door through which he would access the work site was located in a sidewalk, we conclude that claimant was not using the area in which he fell as a floor, passageway or walkway at the time of his fall (*see Hertel v Hueber-Breuer Constr. Co.*, 48 AD3d 1259; *Bale v Pyron Corp.*, 256 AD2d 1128; *cf. Sullivan v RGS Energy Group, Inc.*, 78 AD3d 1503).

All concur except CENTRA and CARNI, JJ., who dissent and vote to modify in accordance with the following Memorandum: We respectfully dissent on the sole issue before us on this appeal and thus would modify the order by denying the motion in part and reinstating the Labor Law § 241 (6) claim to the extent it is premised on the violation of 12 NYCRR 23-1.7 (d). We agree with the majority that the Court of Claims erred in dismissing that claim by relying on *Gaisor v Gregory Madison Ave., LLC* (13 AD3d 58), inasmuch as any argument by defendant that snow removal was an integral part of claimant's work is relevant only on the issue of comparative fault (*see Booth v Seven World Trade Co., L.P.*, 82 AD3d 499, 502). Nevertheless, we disagree with the majority that we should affirm on other grounds, i.e., that the regulation does not apply to the facts here. As the majority recognizes, defendant did not raise that argument before the court or before us. In our view, it is "fundamentally unfair to determine this issue sua sponte" (*Woods v Design Ctr., LLC*, 42 AD3d 876, 878). We should not be "in the business of blindsighting litigants, who expect us to decide their appeals on rationales advanced by the parties, not arguments their adversaries never made" (*Misicki v Caradonna*, 12 NY3d 511, 519).

In any event, to the extent that this issue can be resolved on the facts in the record before us, we disagree with the majority that 12 NYCRR 23-1.7 (d) does not apply. That regulation requires that an employer "shall not suffer or permit any employee to use a floor, passageway, [or] walkway . . . which is in a slippery condition. Ice, snow, [and] water . . . which may cause slippery footing shall be removed, sanded or covered to provide safe footing." Here, the record establishes that claimant's employer was required to replace defective

components in a lift mechanism 30 feet below the ground. Employees would gain access to the underground work site by going through a "pit door" located on the sidewalk of the bridge. At the time of the accident, claimant was clearing snow off of the pit door and the sidewalk when he slipped on the pit door and fell onto his back. Inasmuch as the pit door was located on the sidewalk and was the only way to access the underground work site, we conclude that, at the time of his accident, claimant was using a passageway or walkway within the meaning of the regulation (*see Fassett v Wegmans Food Mkts., Inc.*, 66 AD3d 1274, 1277-1278; *Whalen v City of New York*, 270 AD2d 340, 341-342).

Entered: February 10, 2012                                   Frances E. Cafarell
                                                             Clerk of the Court