■ ALBERT RUGGIERE, Appellant, v CABLEVISION OF NEW YORK CITY-PHASE I L.P. et al., Respondents. [976 NYS2d 879]—Order, Supreme Court, Bronx County (Alexander W. Hunter, Jr., J.), entered January 8, 2013, which, to the extent appealed from as limited by the briefs, granted the motion of defendant Cablevision Systems New York City Corporation, sued herein as Cablevision of New York City-Phase I L.P. (Cablevision), for summary judgment dismissing the complaint as against it, unanimously affirmed, without costs.

Plaintiff was injured when he slipped and fell on snow in the parking lot of premises owned by defendant Topeka Realty Company, Inc. and leased by his employer defendant Cablevision. The court properly dismissed the complaint as against Cablevision since it was demonstrated that a snowstorm was in progress at the time of plaintiff's fall (*see Pippo v City of New York*, 43 AD3d 303, 304 [1st Dept 2007]). The exception to the "storm-in-progress" doctrine, on which plaintiff seeks to rely, is not applicable here, since plaintiff was not involved in a construction-related accident, nor was any Industrial Code regulation violated to support a Labor Law § 241 (6) claim (*compare Booth v Seven World Trade Co., L.P.*, 82 AD3d 499, 501-502 [1st Dept 2011]; *Rothschild v Faber Homes*, 247 AD2d 889, 891 [4th Dept 1998]). Concur—Mazzarelli, J.P., Andrias, DeGrasse, Freedman and Gische, JJ.