■ SHAMOD M. MURRAY et al., Respondents, v CITY OF NEW YORK et al., Respondents and Third-Party Plaintiffs-Respondents. AMERICAN FARMS INCORPORATED, Third-Party Defendant-Appellant. [600 NYS2d 234] —Order, Supreme Court, Bronx County (Douglas E. McKeon, J.), entered on or about October 8, 1992, which denied third-party defendant's motion for summary judgment dismissing the third-party complaint, unanimously reversed, on the law, and the third-party complaint dismissed, without costs.

This is a 1984 personal injury action resulting from the infant plaintiff being struck by an empty hand truck in her school yard. A Comprehensive Accident Report (herein "Report"), which was prepared on the date of the accident by the defendant and third-party plaintiff-respondent Board of Education of the City of New York ("Board of Education"), states under "description of accident": "Delivery man with empty hand-truck collided with child who was running during the lunch break in the school yard. *Mr. John Andaf * * * driver for the A & M Ampak Delivery Service, truck license plate #XF64VU [N.J.] said as he turned the corner to leave the yard the child ran into the handtruck"* (emphasis added).

The report prepared by Joan Diaz, Secretary of the school, also contains the name of a witness to the accident, Damond

Bailey, a student whose residence address and telephone number are specifically set forth in the Report.

Although American Farms had a contract to deliver milk to the school, its general manager testified at the examination before trial that he was not familiar with an entity known as A & M Ampak Delivery Service and had never heard of the operator of the offending hand truck who was named in the Report. He also stated that all of their vehicles bore their name, American Farms, on the side in large letters and none of their vehicles had New Jersey license plates. In fact, he stated they were all registered in New York State. This sworn statement unequivocally denies that their vehicle or driver was involved.

In 1990, American Farms made a motion for summary judgment dismissing the third-party complaint, which was denied in August 1990 because the court ruled there should be further discovery. Thereafter, the above deposition of American Farms took place in April 1991.

The instant motion was made one year later in April 1992, and the record contains no opposition or any other papers from either the plaintiff or the Board of Education. Nevertheless, the court's decision denied summary judgment finding, without any reference to any records or documentation to the contrary, that there were "issues of fact present such as the clear identity of the alleged offending New Jersey vehicle with proof thereof that such vehicle is solely responsible for plaintiff's accident".

It is well settled that a party opposing summary judgment must produce evidentiary proof in admissible form sufficient to require a trial of material questions of fact on which the claim is based. "[M]ere conclusions, expressions of hope or unsubstantiated allegations or assertions are insufficient" (*Zuckerman v City of New York*, 49 NY2d 557, 562; *see*, *Friends of Animals v Associated Fur Mfrs.*, 46 NY2d 1065, 1067).

It is evident that neither the plaintiff nor the third-party plaintiff has come forward with admissible evidence raising a material question of fact as to American Farms' clear affirmative disclaimer of any such employee or vehicle. The Board of Education, in its opposing papers, presented much speculation and conjecture but no admissible evidence, and, after the passage of more than two years to allow for discovery, it apparently failed to utilize this period, as directed by the IAS Court, to present evidence as to any triable issues of fact. The evidence presented by American Farms is unrebutted.

Furthermore, since the issues raised on appeal were not presented by either plaintiff or the Board of Education at the IAS Court, they cannot be raised now at the appellate level for the first time. As stated in *Whitler Contr. Corp. v City of New York* (161 AD2d 484) "Additionally, we find unpreserved for review the city's argument, raised for the first time on appeal" *(see also, Douglas Elliman-Gibbons & Ives v Kellerman,* 172 AD2d 307, 308, *lv denied* 78 NY2d 856). The Board of Education offers no legal excuse for its neglect in presenting opposition papers to the IAS Court, especially since the previous motion for summary judgment, denied for further discovery, was decided almost two years prior thereto.

In any event, after the passage of five years from the service of the third-party complaint, we see no basis for compelling American Farms to remain a third-party defendant in the absence of proof as to its culpability especially in the face of the Report prepared by an employee of the Board of Education. Concur—Rosenberger, J. P., Kupferman, Asch and Kassal, JJ.