■ MICHAEL DESIDERIO et al., Appellants, v CITY OF NEW YORK, Respondent. [653 NYS2d 337] —Judgment, Supreme Court, New York County (Howard Miller, J.), entered on or about June 6, 1995, after a nonjury trial, dismissing the complaint, unanimously affirmed, without costs.

The action is predicated upon General Municipal Law § 205-e and arises out of an incident that occurred when, following an automobile auction in the auditorium of the Manhattan headquarters of the New York City Police Department, plaintiff police officer allegedly slipped and fell on some spilled soda. Plaintiff does not specify, either in the complaint or bill of particulars, any specific statutes, ordinances, rules, orders or requirements that defendant City of New York allegedly violated, a prerequisite for a claim under General Municipal Law § 205-e (see, Zanghi v Niagara Frontier Transp. Commn., 85 NY2d 423, 441; Balsamo v New York City Tr. Auth., 227 AD2d 110; MacKay v Misrok, 215 AD2d 734), but instead argues that certain "no food and no beverages" signs posted in the auditorium had the force of a rule, and that defendant's failure to prohibit the attendees of the auction from eating and drinking in the auditorium and/or to clean up after them amounted to a violation thereof. We disagree. Disregarding plaintiff's failure to plead the "no beverages" signs, the signs, at most, pronounced a departmental "rule" or "requirement" that is not "part of a 'well-developed bod[y] of law and regulation' with positive commands that mandate the performance or nonperformance of specific acts", and thus cannot serve as a basis for a cause of action under section 205-e (Desmond v City of New York, 88 NY2d 455, 464). Concur—Murphy, P. J., Rubin, Tom and Andrias, JJ.