■ JERROLD O'GRADY et al., Appellants, v NEW YORK CITY HOUSING AUTHORITY, Respondent. [687 NYS2d 352] —Order, Supreme Court, New York County (Richard Lowe, III, J.), entered March 5, 1998, which granted defendant's motion to dismiss the complaint, unanimously reversed, on the law, without costs, the motion denied and the complaint reinstated.

Plaintiff firefighter was injured when, while ascending stairs in response to an alarm at defendant's Bronx residential premises, he slipped on liquid leaking from an open bag of garbage. He sued for damages under both statutory and common-law theories of negligence.

General Municipal Law § 205-a creates a cause of action for firefighters where injury results from the negligent failure to comply with local ordinances, *inter alia.* Alleged here are violations of various provisions of title 27 of the Administrative Code of the City of New York, to wit: section 27-127 (general requirement to maintain buildings and their parts in a safe condition), section 27-128 (owner responsibility for safe maintenance of a building and its facilities), and section 27-2011 (requirement of an owner to maintain the public parts of a building in a clean and sanitary condition). Notice of the condition (*Lusenskas v Axelrod*, 183 AD2d 244, *appeal dismissed* 81 NY2d 300) can be inferred from evidence in the record of defendant's continuing battle with tenants who leave garbage in the common areas of the building (*see, O'Connell v Kavanagh*, 231 AD2d 29).

While a common-law claim requires a greater threshold of

notice of the hazardous condition, there was ample evidence in the record that tenants would leave garbage in bags in the common areas, and that vagrants who slept in those hallways and stairwells at night would break open the bags in search of usable items. The ongoing pattern of such activity, along with the established routine of cleaning up and warning tenants, constituted constructive notice to defendant of this recurrent condition (*Megally v 440 W. 34th St. Co.*, 246 AD2d 346; *O'Connor-Miele v Barhite & Holzinger*, 234 AD2d 106; *Alvarez v Mendik Realty Plaza*, 176 AD2d 557, *lv denied* 79 NY2d 756).

Plaintiffs have established viable claims under both statutory and common-law theories of recovery. Concur—Nardelli, J. P., Wallach, Lerner and Rubin, JJ.