■ ROBERT L. PERRY, Appellant, v CHASE MANHATTAN BANK, Respondent. [737 NYS2d 270] —Order, Supreme Court, New York County (Michael Stallman, J.), entered May 4, 2001, which granted respondent's motion to dismiss the petition for failure to join a necessary party or to state a cause of action, unanimously affirmed, without costs.

The petition, which was prepared by petitioner pro se and alleges that respondent bank refused his request to open an account and that its employees treated him rudely, is presumably a challenge to the determination of the State Division of Human Rights (DHR) of no probable cause to believe that such refusal was because of petitioner's race (see, Executive Law § 297 [9]). So viewed, the petition was properly dismissed for failure to join DHR, a necessary party (see, Matter of McNeill v Town Bd., 260 AD2d 829, 830, lv denied 93 NY2d 812), and for failure to allege facts sufficient to show that DHR's determination is arbitrary and capricious (see, State Off. of Drug Abuse Servs. v State Human Rights Appeal Bd., 48 NY2d 276, 283-284). Petitioner's contentions with respect to a safety deposit box are improperly raised for the first time on appeal, and we decline to consider them (see, Murray v City of New York, 195 AD2d 379, 381). Concur—Williams, J.P., Ellerin, Lerner, Rubin and Marlow, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRIS SAUNDERS, Appellant. [737 NYS2d 270] —Judgment, Supreme Court, New York County (Edwin Torres, J.), rendered on or about May 25, 2000, unanimously affirmed.

Application by appellant's counsel to withdraw as counsel is granted (see, Anders v California, 386 US 738; People v Saunders, 52 AD2d 833). We have reviewed this record and agree with appellant's assigned counsel that there are no non-frivolous points which could be raised on this appeal.

Pursuant to Criminal Procedure Law § 460.20, defendant has the right to apply for leave to appeal to the Court of Appeals by making application to the Chief Judge of that Court and by submitting such application to the Clerk of that Court or to a Justice of the Appellate Division of the Supreme Court of this Department on reasonable notice to the respondent within thirty (30) days after service of a copy of this order, with notice of entry.

Denial of the application for permission to appeal by the judge or justice first applied to is final and no new application may thereafter be made to any other judge or justice. Concur—Williams, J.P., Ellerin, Lerner, Rubin and Marlow, JJ.