■ JOHN KELLY et al., Respondents, v CITY OF NEW YORK, Appellant. [774 NYS2d 520]—

Judgment, Supreme Court, New York County (Carol Huff, J.), entered October 15, 2002, in favor of plaintiff John Kelly, upon a jury verdict apportioning liability 100% against the City of New York in this slip and fall case and awarding, inter alia, $600,000 for past pain and suffering and $894,000 for future lost earnings over eight years, unanimously affirmed, without costs.

Initially, we reject defendant-appellant's contention that Administrative Code of the City of New York §§ 27-127 (general requirement to maintain buildings and their parts in a safe condition) and 27-128 (owner responsibility for safe mainte-

nance of a building and its facilities) are not applicable to the accumulation of water defect that led to plaintiff's accident (*see O'Grady v New York City Hous. Auth.*, 259 AD2d 442 [1999]). In any event, appellant does not specifically challenge the sufficiency or weight of the evidence concerning the verdict on the common-law negligence claim, whose required proof is more stringent than that for a Code violation and supports any implicit finding of statutory violations by the jury (*see Giuffrida v Citibank*, 100 NY2d 72, 81 [2003]). In light of this record support for both the statutory and common-law negligence theories of liability, there was no requirement for a special verdict explaining what portion, if any, of the jury's finding of liability was based on statutory claims (*Albury v Bronx Cross-County Med. Group Clinton Ctr.*, 209 AD2d 293 [1994], *lv denied* 85 NY2d 804 [1995]).

Since there is a fair interpretation of the evidence to support the conclusion that plaintiff's descent down the subject staircase was not a proximate cause of his injury, the jury's verdict, finding plaintiff negligent but not a proximate cause of his injury, was not inconsistent (*Caldas v City of New York*, 284 AD2d 192 [2001]); the jury could have reasonably found that although plaintiff should have been looking down as he descended, this would not have prevented his slip and fall on the water-covered basement floor.

We find that the damage awards do not deviate materially from what is reasonable compensation under the circumstances. Plaintiff sustained tears of the anterior cruciate ligament, as well as both the medial and lateral meniscus which, after two reconstructive surgeries, cause his left knee to buckle under him, and which will require further reconstructive surgery. He has been permanently disabled from the Police Department, based on his line of duty injury, and can no longer perform any activities that require movement of the knee. Concur—Tom, J.P., Mazzarelli, Sullivan, Ellerin and Friedman, JJ.