■ LAWRENCE J. LYNCH, JR., et al., Appellants, v CITY OF NEW YORK et al., Respondents, et al., Defendant. (And Other Actions.) [787 NYS2d 308]—

Order, Supreme Court, Bronx County (Patricia Anne Williams, J.), entered January 14, 2004, which, to the extent appealed from, granted the motion of defendants City of New York and L.A. Wenger Contracting Co. for summary judgment dismissing plaintiffs' second cause of action, unanimously reversed, on the law, without costs, defendants' motion denied and the second cause of action reinstated.

Plaintiff, a fire marshal for the City, was allegedly injured when he tripped and fell at the Bronx fire station where he was assigned as a fire inspector during renovation of that facility. The duties of defendant Wenger's employees at the time included cleaning the site, such as picking up and disposing of old fixtures, wire and other debris on an ongoing basis.

After leaving work on Friday, August 15, 1997, plaintiff was informed that the station would be closed during the remainder of the renovation work, and he was to report to another station in Queens on his next scheduled work day, that Sunday. As directed, plaintiff reported to Queens on Sunday evening, after which he was ordered to investigate a fire in the Bronx. He was required to wear his fire gear during such an investigation. His fire gear, however, was still in his locker at the station in the Bronx, and he returned there to retrieve it.

The building was locked, and plaintiff used his key to enter. The building had not been condemned, nor was it empty. A fire marshal was on duty inside the building as house watch, or security, for the premises. As plaintiff started down the staircase to the basement locker where his gear was stored, he allegedly tripped over electrical wire coils and other construction materials, fell to the bottom of the stairs, and suffered his injuries.

The second cause of action alleged under General Municipal Law § 205-a that plaintiff was injured in the course of performing his duties as a fireman due to a violation of section 27-127 of the Administrative Code of the City of New York (general requirement to maintain buildings and their parts in a safe condition) and section 27-128 (owner responsibility for such maintenance).

There clearly were questions of fact warranting the denial of

summary judgment for Wenger. It was "uncontested" that Wenger's employees were responsible for cleaning the site each day, that its general superintendent was required to be on premises daily to check on the work being done, and that the Friday before the accident there was work being done in the area where plaintiff fell. There was also conflicting testimony, that need not be resolved here, as to whether Wenger was on notice of the presence of construction debris before the accident.

The motion court found that the Administrative Code sections did not apply, as the building had been emptied out the Friday before the accident to all except Wenger's employees, that there was no evidence that plaintiff needed to return to obtain that particular gear to perform his duties, and that no one instructed him to enter the Bronx station. However, as plaintiff still had his key to the facility, and there was still a fire marshal there, it cannot be said, as a matter of law, that the facility was closed to all Fire Department personnel. Furthermore, no one instructed plaintiff not to go back to retrieve his gear that was still in his locker. As to the gear itself, there is no proof that plaintiff did not need this particular gear to perform his duties that Sunday.

The fact that the accident did not take place at the site of the fire does not preclude the applicability of General Municipal Law § 205-a (*see McDermott v City of New York*, 201 AD2d 339 [1994], *lv denied* 83 NY2d 761 [1994]). It is also clear that the accident occurred while plaintiff was descending the stairs to get to his locker—the same area that Wenger was responsible for cleaning up—establishing, at least prima facie, that the Administrative Code violations were a proximate cause of plaintiff's injuries (*see Kelly v City of New York*, 6 AD3d 188 [2004]; *Brasca v Jessup*, 258 AD2d 490 [1999], *lv denied* 93 NY2d 809 [1999]). Concur—Tom, J.P., Saxe, Williams, Sweeny and Catterson, JJ.