■ ANDRE JONES, Respondent, v CITY OF NEW YORK, Defendant, and 34TH STREET PARTNERSHIP, INC., Appellant. [821 NYS2d 548]—

Order, Supreme Court, New York County (Michael D. Stallman, J.), entered November 28, 2005, which, to the extent appealed from, denied the motion by defendant 34th Street Partnership, Inc. (34th Street) for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment in favor of 34th Street dismissing the complaint.

Plaintiff alleges that a pedestrian, in the process of squeezing herself between a pole and a metal garbage can, tipped the can over onto plaintiff's right foot. The garbage can, which was freestanding and weighed between 75 and 80 pounds, was one of several in the area owned by defendant 34th Street, an entity that supplements municipal services in the business improvement district in which the subject incident occurred. Plaintiff contends that the garbage can should have been chained or otherwise anchored to the sidewalk to prevent it from being knocked over.

In support of its motion for summary judgment, 34th Street submitted, inter alia, the transcript of the deposition of its agent, Donald Bussolini. Bussolini testified that, when the garbage cans were installed, 34th Street decided, after consideration, that it was not necessary to anchor the cans to the sidewalk, since they appeared to be heavy enough to make it unlikely that they would be knocked over either by a person or by the wind. In the course of considering whether to anchor the cans, Bussolini physically maneuvered one of them. After the cans were installed, Bussolini did not hear of any of them being knocked over until plaintiff's accident occurred approximately seven years later.

In opposition, plaintiff submitted the purported expert affidavit of Stanley H. Fein, a licensed professional engineer who did not indicate his area of specialization. In his affidavit, Fein asserted that it was "unsafe" to have a garbage can of the size in question "freestanding on a public sidewalk," and that "[g]ood

and accepted engineering safety practice requires that the trash receptacle be anchored to the sidewalk." Fein did not offer any supporting data to establish the likelihood of the can's being knocked over, nor did he identify any particular professional or industry standard to substantiate his assertion about the requirements of "[g]ood and accepted engineering safety practice." The IAS court denied 34th Street's motion based on its view that plaintiff had "raised a triable factual question whether placement of the unanchored can caused and created a condition that was not reasonably safe." We now reverse.

34th Street's moving papers made out a prima facie case for judgment in its favor. This shifted to plaintiff the burden of raising a triable issue as to whether the installation of the garbage can without an anchor created an unreasonably dangerous condition. The affidavit of Fein, plaintiff's purported expert, did not suffice to carry this burden. Without any data to establish the likelihood of an unanchored can being knocked over, Fein's assertions did not create a triable issue as to whether the unanchored can was unreasonably dangerous (*see Amatulli v Delhi Constr. Corp.*, 77 NY2d 525, 533-534 n 2 [1991] [if an "expert states his conclusion unencumbered by any trace of facts or data, his testimony should be given no probative force whatsoever" (internal quotation marks omitted)]). Further, Fein's claim that anchoring was required by "[g]ood and accepted engineering safety practice" did not create a triable issue with respect to the existence of an accepted industry practice or standard, given that no support was offered for this assertion, either in the form of a published industry or professional standard or in the form of evidence that such a practice had been generally accepted in the relevant industry (*see Diaz v New York Downtown Hosp.*, 99 NY2d 542, 544-545 [2002] [expert "did not create a triable issue with respect to the existence of an accepted industry practice or standard," where the professional guidelines the expert referenced were merely recommendations, and the expert "failed to provide any factual basis for her conclusion that the guidelines establish or are reflective of a generally-accepted standard or practice" in the relevant industry]; *see also Veccia v Clearmeadow Pistol Club*, 300 AD2d 472 [2002] [defendant was entitled to summary judgment where, inter alia, plaintiff's expert "did not sufficiently identify any specific industry standard upon which he relied"]). Accordingly, 34th Street was entitled to summary judgment dismissing the complaint. Concur—Buckley, P.J., Friedman, Nardelli, Sweeny and Malone, JJ.