■ Edward Pirraglia et al., Respondents, v CCC Realty NY Corp., Appellant, et al., Defendant. (And a Third-Party Action.) [828 NYS2d 6]—

Order, Supreme Court, Bronx County (Sallie Manzanet, J.), entered January 17, 2006, which denied defendant CCC Realty's motion for summary judgment, unanimously affirmed, without costs.

Plaintiff firefighter sustained personal injury when he fell through an unprotected cellar door while responding to a restaurant fire at premises owned by CCC Realty. An out-of-possession landlord who reserves a right of entry in the lease in order to inspect the premises and make necessary repairs is deemed to have constructive notice of any existing statutory violations (*see Guzman v Haven Plaza Hous. Dev. Fund Co.*, 69 NY2d 559 [1987]; *Velazquez v Tyler Graphics*, 214 AD2d 489 [1995]). Applying this principle, it may reasonably be inferred that CCC Realty had constructive knowledge of the open stairway's condition.

The prevailing weight of authority establishes that Building Code (Administrative Code of City of NY) §§ 27-127 and 27-128 are proper statutory predicates for liability under General Municipal Law § 205-a (*see Lynch v City of New York*, 14 AD3d 347 [2005]; *O'Grady v New York City Hous. Auth.*, 259 AD2d 442 [1999]). Issues of fact exist as to whether the stairway at issue, providing access to the basement, violated these provisions. However, section 27-375 (d) does not apply in this situation.

CCC Realty's argument of no basis for liability because the fire occurred after hours and plaintiff's presence in the non-publicly-accessible kitchen was unforeseeable as a matter of law is improperly raised for the first time on appeal, and thus not preserved for review (*Murray v City of New York*, 195 AD2d 379, 381 [1993]). In any event, the contention is without merit.

We have considered CCC Realty's remaining arguments and find them without merit. Concur—Saxe, J.P., Sullivan, Williams, Sweeny and Malone, JJ.