■ EILEEN BURKE et al., Appellants, v CANYON ROAD RESTAURANT et al., Respondents. [876 NYS2d 25]—

Order, Supreme Court, Bronx County (John A. Barone, J.), entered June 13, 2008, which, in this action for personal injuries sustained when plaintiff Eileen Burke fell while exiting defendants' restaurant, granted defendants' motions for summary judgment dismissing the complaint, unanimously affirmed, without costs.

The entranceway at issue included a step leading to a door that led into the restaurant, and the accident occurred when plaintiff fell when she missed the step while leaving the restaurant. Although landowners have a duty to maintain their property in a reasonably safe condition, and to warn of latent hazards of which they are aware (*see Basso v Miller*, 40 NY2d 233, 241 [1976]), a court is not "precluded from granting summary judgment to a landowner on the ground that the condition complained of by the plaintiff was both open and obvious and, as a matter of law, was not inherently dangerous" (*Cupo v Karfunkel*, 1 AD3d 48, 52 [2003]). Based on the deposition testimony that there was no debris or water on the ground where plaintiff fell, that she did not trip or slip on anything, that the area of the accident was illuminated, and that the general manager of the restaurant for the last several years was not aware of any complaints or accidents, or code violations or repairs of the front step, defendants demonstrated their prima facie entitlement to summary judgment (*see Jones v Presbyterian Hosp. in City of N.Y.*, 3 AD3d 225, 226 [2004]).

In opposition, plaintiff failed to raise a triable issue of fact. Her expert referred to the general provisions of Administrative Code of the City of New York §§ 27-127 and 27-128, and opined that the entranceway was defectively maintained, but he failed to set forth any violations of industry-wide standards or accepted practices in the field (*see Jones v City of New York*, 32 AD3d 706, 707 [2006]). Furthermore, although an expert affidavit can nonetheless raise questions as to common-law negligence (*see Wilson v Proctors Theater & Arts Ctr. & Theater of Schenectady*, 223 AD2d 826, 828-829 [1996]), the evidence here fails to establish that the subject step was inherently dangerous or that it constituted a "hidden trap" (*see Schreiber v Philip & Morris Rest. Corp.*, 25 AD2d 262, 263 [1966], *affd* 19 NY2d 786 [1967]; *compare Chafoulias v 240 E. 55th St. Tenants Corp.*, 141 AD2d 207 [1988]). Concur—Andrias, J.P., Gonzalez, Buckley and Acosta, JJ.