■ NAZIYA BORRERO, by Her Mother and Natural Guardian, ALEXISS NAZARIO, et al., Appellants, v JUAN JOSE BATURONE, M.D., et al., Respondents, et al., Defendants. [891 NYS2d 71]—

In support of his summary judgment motion, Dr. Fields submitted the affirmation of Dr. Nass, who opined that the infant plaintiff's hypotonia was not caused by plaintiff mother's ingestion of either Depakote or Celexa. In opposition, plaintiffs submitted the affirmation of Dr. DiGregorio, who opined that the infant plaintiff's hypotonia was caused by plaintiff mother's

ingestion of Depakote. In reply, Dr. Fields submitted another affirmation from Dr. Nass, who stated that one needs to take Depakote during one's entire pregnancy for the baby to be harmed.

We affirm the dismissal of so much of the action as is based on plaintiff mother's ingestion of Celexa because Dr. DiGregorio's affirmation, by mentioning only Depakote, effectively conceded that Celexa could not have caused the infant plaintiff's hypotonia. In dismissing so much of the action as is based on plaintiff mother's ingestion of Depakote, the motion court noted (1) Dr. DiGregorio's failure to address whether plaintiff mother's extremely limited use of Depakote was related to the infant plaintiff's hypotonia, and (2) the absence of evidence that the infant plaintiff was born with any of the fetal teratogenic effects that, according to Dr. DiGregorio, the medical literature associates with Depakote, such as a tall, narrow forehead or an epicanthic fold. However, because the issue of short-term exposure was first raised only in Dr. Nass's reply affirmation, plaintiffs had neither the obligation nor opportunity to respond thereto (see *Ritt v Lenox Hill Hosp.*, 182 AD2d 560, 562 [1992]). And Dr. DiGregorio did not say that one had to have any of the fetal teratogenic effects he mentioned in order to have hypotonia. Indeed, immediately after listing these effects, he went on to say that there are other abnormalities associated with prenatal use of Depakote, including limb abnormalities such as hypotonia. Dr. Nass's reply affirmation should be disregarded insofar as it states, for the first time, that in examining the infant, she found none of the "physical markers or symptoms which are found in cases where Depakote has affected a pregnancy."

Dr. Fields moved for summary judgment only on the ground that Celexa and Depakote did not proximately cause the infant plaintiff's hypotonia. By contrast, Dr. Baturone and Gracie Square Hospital moved for summary judgment on the additional ground that they had no duty to perform a blood test to determine if plaintiff mother was pregnant at the time of her admission to Gracie Square when a blood test performed the previous day at another hospital demonstrated that she was not pregnant. This summary judgment motion was properly granted. In opposition to Dr. Baturone and Gracie Square's motion, plaintiffs' evidence was insufficient to raise a question of fact (see *Buchholz v Trump 767 Fifth Ave., LLC*, 5 NY3d 1, 8-9 [2005]; *Jones v City of New York*, 32 AD3d 706, 707 [2006]). Concur—Mazzarelli, J.P., Catterson, Moskowitz, Richter and Manzanet-Daniels, JJ.