■ LAURA MATTHEWS, Appellant, v VLAD RESTORATION LTD. et al., Respondents. [904 NYS2d 391]—

Order, Supreme Court, New York County (Marylin G. Diamond, J.), entered May 21, 2009, which granted defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Plaintiff, on her cell phone while hurrying across a scaffold to catch a bus, tripped on a lower horizontal brace and suffered injury. Defendants met their prima facie burden by showing the scaffold was open and obvious as a matter of law, and not inherently dangerous (*Burke v Canyon Rd. Rest.*, 60 AD3d 558 [2009]; see also *Connor v Taylor Rental Ctr.*, 278 AD2d 270 [2000]; *Plessias v Scalia Home for Funerals*, 271 AD2d 423 [2000]). Photographs taken by plaintiff after the accident depict two

bright blue horizontal bars, clearly presenting a barrier to passersby. In opposition, plaintiff failed to raise an issue of fact. Her expert's affidavit failed to show inherent danger; the unsubstantiated claim that the scaffold did not comply with industry custom and practice does not create an issue of fact (*see Jones v City of New York*, 32 AD3d 706 [2006]). Concur— Andrias, J.P., Saxe, Friedman, Nardelli and Acosta, JJ.