[937 NE2d 74, 910 NYS2d 410]

Nocenzo Cusumano et al., Respondents, v City of New York, Appellant.

Argued September 16, 2010; decided October 14, 2010

**POINTS OF COUNSEL**

*Michael A. Cardozo, Corporation Counsel,* New York City (*Elizabeth S. Natrella* and *Pamela Seider Dolgow* of counsel), for appellant. I. This Court should direct dismissal of this action in its entirety for failure to establish a prima facie case under General Municipal Law § 205-a, for the reasons stated in the Appellate Division dissenting opinion. Because the handrail requirements of Administrative Code of the City of New York § 27-375 (f) were inapplicable, plaintiff's reliance on that provision to establish a violation of Administrative Code §§ 27-127 and 27-128 was legally barred, and plaintiff's only other evidence was either conclusory or inapplicable as a matter of law. (*Cohen v Hallmark Cards,* 45 NY2d 493; *Giuffrida v Citibank Corp.,* 100 NY2d 72; *Zanghi v Niagara Frontier Transp. Commn.,* 85 NY2d 423; *Galapo v City of New York,* 95 NY2d 568; *Desmond v City of New York,* 88 NY2d 455; *Williams v City of New York,* 2 NY3d 352; *Hotaling v City of New York,* 55 AD3d 396, 12 NY3d 862; *Dooley v Vornado Realty Trust,* 39 AD3d 460; *Weiss v City of New York,* 16 AD3d 680; *Walker v 127 W. 22nd St. Assoc.,* 281 AD2d 539.) II. Solely in the alternative, a new trial should be granted. (*Feblot v New York Times Co.,* 32 NY2d

486; *Bernstein v City of New York,* 69 NY2d 1020; *Marquart v Yeshiva Machezikel Torah D'Chasidel Belz of N.Y.,* 53 AD2d 688; *Franco v Jay Cee of N.Y. Corp.,* 36 AD3d 445; *People v Duncan,* 46 NY2d 74; *Cooter & Gell v Hartmarx Corp.,* 496 US 384; *Pullman-Standard v Swint,* 456 US 273.)

*Miller & Eisenman, LLP,* New York City (*Michael P. Eisenman* of counsel), for respondents. I. Administrative Code of the City of New York §§ 27-127 and 27-128 provide independent predicates upon which liability may be imposed under General Municipal Law § 205-a. (*Williams v City of New York,* 2 NY3d 352; *Giuffrida v Citibank Corp.,* 100 NY2d 72; *Terranova v New York City Tr. Auth.,* 49 AD3d 10; *Brennan v New York City Hous. Auth.,* 302 AD2d 483; *Lustenring v 98-100 Realty,* 1 AD3d 574; *Rabinowitz v City of New York,* 286 AD2d 724; *Hart v DiPiazza,* 262 AD2d 283.) II. Sufficient evidence was introduced at trial to rationally lead the jury to conclude that defendant violated Administrative Code of the City of New York §§ 27-127 and 27-128.) (*Cohen v Hallmark Cards,* 45 NY2d 493; *Munoz v City of New York,* 55 AD3d 697.) III. Once defendant elected to install a handrail in the main stairwell between the basement and the first floor, it had a duty to act reasonably and carefully. (*Glanzer v Shepard,* 233 NY 236; *Marks v Nambil Realty Co.,* 245 NY 256; *Melodee Lane Lingerie Co. v American Dist. Tel. Co.,* 18 NY2d 57; *Frazer v Bader,* 263 App Div 838; *Bucek v Merritt,* 37 AD2d 905; *Parker v Jenkins,* 135 Misc 666; *Decorato v Cozzoli Bros., LLC,* 16 Misc 3d 1108[A], 2007 NY Slip Op 51347[U]; *Steelworkers v Rawson,* 495 US 362.)

**OPINION OF THE COURT**

PIGOTT, J.

On December 22, 1999, plaintiff Nocenzo Cusumano, a firefighter in the New York City Fire Department attending a first responders training session, fell down a flight of stairs that ran from the first floor to the basement of a building owned by defendant City of New York. Plaintiff commenced this action against the City pursuant to General Municipal Law § 205-a, asserting a statutory cause of action for firefighters who sustain a line of duty injury "as a result of any neglect, omission, willful or culpable negligence of any person or persons in failing to comply with the requirements of any of the statutes, ordinances, rules, orders and requirements of the . . . city governments" (General Municipal Law § 205-a [1]). To recover under that section, however, a firefighter "must demonstrate injury resulting

from negligent noncompliance with a requirement found in a well-developed body of law and regulation that imposes clear duties" (*Williams v City of New York*, 2 NY3d 352, 364 [2004] [discussing General Municipal Law § 205-e, the sister provision of section 205-a] [internal quotation marks and citations omitted]).

Plaintiff contended at the liability trial that he slipped on debris at the top of the stairs and, due to a poorly constructed handrail, he was unable to grasp the handrail to prevent his fall. He relied on three provisions of the Administrative Code of the City of New York as predicates for his section 205-a claim, namely, sections 27-127, 27-128 and 27-375 (f). The first two are general provisions that require that "[a]ll buildings and all parts thereof . . . be maintained in a safe condition," that "[a]ll service equipment, . . . devices, and safeguards that are required in a building . . . be maintained in good working order" and that "[t]he owner shall be responsible at all times for the safe maintenance of the building and its facilities."* Section 27-375, entitled "Interior stairs," mandates, among other things, that interior stair "[h]andrails shall provide a finger clearance of one and one-half inches" (Administrative Code § 27-375 [f]).

Two experts testified for the plaintiff that the handrail violated section 27-375 (f) and was therefore unsafe. After the parties rested, the City argued at the charge conference that section 27-375 (f) was inapplicable because the stairs constituted "access stairs" pursuant to Administrative Code § 27-232, as opposed to "interior stairs" which must provide egress to the outside. Supreme Court held as a matter of law that the stairs constituted "interior stairs" and prohibited the City from arguing the inapplicability of section 27-375 (f) during summation. Plaintiff's counsel, on the other hand, argued to the jury that the City violated section 27-375 (f)'s height and clearance requirements, and Supreme Court issued a jury charge relative to sections 27-127, 27-128 and 27-375 (f).

In response to separate interrogatories, the jury found that the City violated Administrative Code §§ 27-127 and 27-375 (f); the court did not submit an interrogatory relative to section 27-128. Following a separate damages trial, the City moved to set aside the verdict. As to the liability portion of the motion, the

---

* Both Administrative Code §§ 27-127 and 27-128 were repealed effective July 1, 2008 and replaced by section 28-301.1.

City reiterated its argument that section 27-375 (f) was inapplicable because the stairs at issue constituted "access stairs," not "interior stairs." It further argued that the jury's finding of liability under section 27-127 was unsustainable because the evidentiary basis for the jury's finding was the City's noncompliance with the inapplicable section 27-375 (f). Supreme Court denied the motion, holding that the City should have pleaded as an "affirmative defense" the inapplicability of section 27-375 (f) (2006 NY Slip Op 30626[U], *3 [2006]).

The Appellate Division, with one Justice dissenting, modified the jury's damages award to the extent of ordering plaintiff to stipulate to a reduction thereof or face a new trial on that issue (63 AD3d 5, 12 [2d Dept 2009]). It unanimously held, however, that section 27-375 (f) did not apply to the underlying facts because the stairs did not constitute "interior stairs" as defined by the Administrative Code, and that Supreme Court improperly shifted the burden to the City of demonstrating the inapplicability of section 27-375 (f) (*id.* at 8-9, 14). However, the majority and the dissent parted company as to whether plaintiff presented sufficient evidence independent of the section 27-375 (f) violation to establish that the City violated sections 27-127 and 27-128, with the majority concluding that he had (*see id.* at 9-10), and the dissent arguing that those sections did not provide a sufficient predicate for liability under General Municipal Law § 205-a (*see id.* at 17).

■ The Appellate Division properly concluded that section 27-325 (f) is inapplicable. That code provision applies to "interior stairs," which are defined as "stair[s] within a building, that serve[ ] as a required exit" (Administrative Code § 27-232). By all accounts, the stairs from where plaintiff fell did not serve as an "exit" as defined by the Administrative Code (*see id.*), but rather as a means of walking from the first floor to the basement. Therefore, Supreme Court erred in denying the City's motion to dismiss the section 205-a claim to the extent it was premised on the City's alleged violation of section 27-375 (f).

■ The effects of this error are not limited to the claim based on that provision, however, because it cannot be assumed that the jury viewed plaintiffs' experts' handrail testimony in a vacuum. Both experts testified that the handrail clearance requirements were governed by section 27-375 (f) and that the City violated those requirements. Further conflating the distinction among the Administrative Code sections was testimony that the City violated sections 27-127 and 27-128 *because* it violated

section 27-375 (f). Supreme Court's erroneous submission of section 27-375 (f) to the jury, coupled with the expert testimony, renders it impossible to discern the basis of the jury's verdict.

■ We decline the City's invitation to address the issue of whether sections 27-127 and 27-128 form a sufficient independent predicate to support a General Municipal Law § 205-a claim. There is no record evidence that the City contested plaintiffs' argument that those sections provided an independent predicate, as the record indicates that the City objected to the applicability of those sections only to the extent that they were interwoven with section 27-375 (f).

Accordingly, the order of the Appellate Division should be reversed, with costs, and a new trial ordered. The certified question should not be answered upon the ground that it is unnecessary.

Chief Judge LIPPMAN (concurring). I agree with the majority that the trial was tainted by testimony regarding New York City Administrative Code § 27-375, and therefore, a new trial is necessary to determine whether plaintiff is entitled to recovery under General Municipal Law § 205-a. Nonetheless, I disagree with the assertion that defendant-appellant City of New York did not preserve the argument that New York City Administrative Code § 27-127 is an insufficient independent predicate for section 205-a liability. The argument was made at the charge conference of the liability trial and again on the motion to set aside the verdict. Accordingly, I believe we are obliged to reach this question on the merits.

For a claim brought under General Municipal Law § 205-a to survive, a plaintiff must demonstrate a line-of-duty injury, which "occurs *directly or indirectly* as a result of any neglect, omission, willful or culpable negligence of any person or persons in failing to comply with the requirements of *any* of the statutes, ordinances, rules, orders and requirements of the federal, state, county, village, town or city governments" (General Municipal Law § 205-a [1] [emphasis added]). Section 205-a liability therefore does not stand alone but must be predicated on a violation of a separate legal requirement.

The language "directly or indirectly" in section 205-a (1) has been accorded broad application by the courts, "in light of the clear legislative intent to offer firefighters greater protections" (*Giuffrida v Citibank Corp.*, 100 NY2d 72, 80 [2003]). Still, we have established some clear limits on the possible predicates for

section 205-a recovery. As we explained in *Williams v City of New York* (2 NY3d 352, 364 [2004]):

"[A]s a prerequisite to recovery, a [plaintiff] must demonstrate injury resulting from *negligent noncompliance with a requirement found in a well-developed body of law and regulation that imposes clear duties*. At the same time, a series of amendments . . . teaches us that we should apply this provision *expansively* so as to favor recovery . . . whenever possible" (emphasis added; internal quotation marks and citations omitted).*

At issue here is whether section 27-127 of the Administrative Code is part of a sufficiently "well-developed body of law" that imposes clear duties on a building owner, such that noncompliance with this code section may be the basis for section 205-a recovery. Section 27-127 provides:

"All buildings and all parts thereof shall be maintained in a safe condition. All service equipment, means of egress, devices, and safeguards that are required in a building by the provisions of this code or other applicable laws or regulations, or that were required by law when the building was erected, altered, or repaired, shall be maintained in good working order."

In concluding that section 27-127 is a proper statutory predicate for plaintiff's section 205-a recovery here, the Second Department properly relied on ample Appellate Division case law (*see Terranova v New York City Tr. Auth.*, 49 AD3d 10, 17 [2d Dept 2007], *lv denied* 11 NY3d 708 [2008]; *see also Pirraglia v CCC Realty NY Corp.*, 35 AD3d 234, 235 [1st Dept 2006]; *Lynch v City of New York*, 14 AD3d 347, 348-349 [1st Dept 2005]; *Kelly v City of New York*, 6 AD3d 188 [1st Dept 2004]). Further, although this Court has not had a case granting section 205-a recovery through section 27-127, the writings in some of our foundational section 205-a and section 205-e cases assume that such recovery is possible (*see Giuffrida*, 100 NY2d at 79 n 4; *see also Williams*, 2 NY3d at 368 [rejecting plaintiff's General Municipal Law § 205-e recovery predicated on section 27-127 because plaintiff did not allege concretely that the building was

_____

* *Williams* involved General Municipal Law § 205-e—the counterpart to section 205-a that applies to police officers. The two statutes have been interpreted interchangeably.

maintained in an unsafe manner, not because section 27-127 was an insufficient predicate for recovery]).

Moreover, we have stated before that the series of legislative amendments in response to narrow Appellate Division decisions have led us to "apply this provision [i.e., section 205-a] expansively so as to favor recovery by [firefighters] whenever possible" (*Williams*, 2 NY3d at 364 [internal quotation marks omitted]). The arguments against basing section 205-a recovery on a section 27-127 violation ignore the legislative intent of broad protection of firefighters and also our statement in *Giuffrida* that "a plaintiff need only establish a 'practical or reasonable connection' between the statutory or regulatory violation and the claimed injury" (*Giuffrida*, 100 NY2d at 81, quoting *Mullen v Zoebe, Inc.*, 86 NY2d 135, 140 [1995]).

Still, the Appellate Division dissent insists that section 27-127 does not impose clear duties or particular mandates that are parts of well-developed bodies of law and regulation, simply because the "safe maintenance" language of section 27-127 does not specifically address handrails or finger clearance in stairwells. It is not contested that a violation of section 27-127 is usually found where a "specific structural or design defect" exists in the building (*see Beck v Woodward Affiliates*, 226 AD2d 328, 330 [2d Dept 1996]; *see also Guzman v Haven Plaza Hous. Dev. Fund Co.*, 69 NY2d 559, 566 [1987] [property owner had "both a general responsibility for safe maintenance of the building and its facilities and specific obligations pertaining to minimum handrail clearance" (citations omitted)]).

However, no additional statute is necessary to permit a conclusion in the present case that "two pieces of wood nailed to each other and nailed to the wall" (63 AD3d 5, 10 [2d Dept 2009] [internal quotation marks omitted]), passing for a handrail, constitutes a specific design defect. Instead, a violation of section 27-127 may be proved to a jury with evidence such as Fire Code specifications, architectural standards, and other "industry-wide standards or accepted practices in the field" (*Burke v Canyon Rd. Rest.*, 60 AD3d 558, 559 [1st Dept 2009]; *see also Jones v City of New York*, 32 AD3d 706, 706-707 [1st Dept 2006] [requiring evidence of a "particular professional or industry standard" to substantiate assertions about the alleged safety practice of anchoring garbage receptacles to sidewalks]).

If this Court were to accept the assertion that plaintiff could not recover in the absence of a statute specifically concerned

with the space between a handrail and a wall, the purpose of section 27-127 would be eviscerated. As the Second Department perceptively notes, if this view of section 27-127 were to prevail, the code section would be "render[ed] . . . inapplicable to all but the most commonplace conditions" (63 AD3d at 10). A trial court would be unable to rule on the existence of a hazardous condition that any casual observer could discern and unanimous expert testimony could confirm, unless an additional statute dictated the precise geometric dimensions of all features of a safe stairwell.

In conclusion, a rejection of section 27-127 as a predicate for plaintiff firefighter's recovery is at odds with the Legislature's intent in the revision of section 205-a: to expand the avenues of recovery for injuries in the line of duty. I would therefore confirm that section 27-127 may indeed constitute a proper, independent predicate for section 205-a recovery.

Judges GRAFFEO, READ, SMITH and JONES concur with Judge PIGOTT; Chief Judge LIPPMAN concurs in result in a separate opinion in which Judge CIPARICK concurs.

Order reversed, etc.