■ CRAIG MONAHAN et al., Respondents, v 102-116 EIGHTH AVENUE ASSOCIATES, L.P., Respondent, and 15TH ST. BRIGHT & CLEAN, INC., Appellant. [925 NYS2d 199]—

In an action to recover damages for personal injuries, etc., the defendant 15th St. Bright & Clean, Inc., appeals from so much of an order of the Supreme Court, Richmond County (Maltese, J.), dated June 30, 2010, as denied its motion for summary judgment dismissing the complaint and cross claims insofar as asserted against it and granted that branch of the cross motion of the defendant 102-116 Eighth Avenue Associates, L.P., which was for conditional indemnification to the extent of providing that 15th St. Bright & Clean, Inc., indemnify 102-116 Eighth Avenue Associates, L.P. "if the jury finds liability against [102-116 Eighth Avenue Associates, L.P.] pursuant to General Municipal Law § 205-a predicated on [the] violation [by 15th St. Bright & Clean, Inc.] of any relevant government provision."

Ordered that the order is reversed insofar as appealed from, on the law, the motion of the defendant 15th St. Bright & Clean, Inc., for summary judgment dismissing the complaint and cross claims insofar as asserted against it is granted, and that branch of the cross motion of the defendant 102-116 Eighth Avenue Associates, L.P., which was for conditional indemnification is denied in its entirety; and it is further,

Ordered that one bill of costs is awarded to the defendant 15th St. Bright & Clean, Inc., payable by the respondents appearing separately and filing separate briefs.

General Municipal Law § 205-a establishes a statutory cause of action for firefighters who are injured in the line of duty "as a result of any neglect, omission, willful or culpable negligence of any person or persons in failing to comply with the requirements of any of the statutes, ordinances, rules, orders and requirements of the . . . city governments" (General Municipal Law § 205-a [1]; *see Cusumano v City of New York*, 15 NY3d 319, 322 [2010]). On a motion for summary judgment dismissing a cause of action pursuant to General Municipal Law § 205-a, a defendant has to show "either that it did not negligently violate any relevant government provision or that, if it did, the violation did not directly or indirectly cause [the] plaintiff's injuries" (*Giuffrida v Citibank Corp.*, 100 NY2d 72, 82 [2003]). Here, contrary to the plaintiffs' contention, the defendant 15th St. Bright & Clean, Inc. (hereinafter Bright & Clean), established its prima facie entitlement to judgment as a matter of law by demonstrating that it did not violate any relevant government provision. In response, contrary to the conclusion of the Supreme Court, the plaintiffs failed to raise a triable issue of fact as to whether Bright & Clean violated former sections 27-127 and 27-128 of the Administrative Code of the City of New York. There was no evidence that the dryer which caught fire was maintained in an unsafe manner. Accordingly, Bright & Clean's alleged failure to supervise each dryer cannot serve as a basis for a cause of action under General Municipal Law § 205-a (*see Desiderio v City of New York*, 236 AD2d 224 [1997]; *cf. Terranova v New York City Tr. Auth.*, 49 AD3d 10, 17-18 [2007]; *Kelly v City of New York*, 6 AD3d 188 [2004]). Accordingly, the Supreme Court should have granted Bright & Clean's motion for summary judgment dismissing the complaint and cross claims insofar as asserted against it.

Since there is no basis upon which a jury could find Bright & Clean liable pursuant to General Municipal Law § 205-a, the Supreme Court should have denied in its entirety that branch of the cross motion of the defendant 102-116 Eighth Avenue Associates, L.P., which was for conditional indemnification. Rivera, J.P., Skelos, Hall and Austin, JJ., concur. **[Prior Case History: 2010 NY Slip Op 31730(U).]**