Order, Supreme Court, New York County (Jeffrey K. Oing, J.), entered December 17, 2013, which denied defendants’ motions for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, and the motions granted. The Clerk is directed to enter judgment accordingly.
Infant plaintiff was injured when, after kicking a soccer ball into a planting area on the premises of defendant New York City Housing Authority (NYCHA), she tripped over a decorative wicket fence that surrounded the planting area and fell onto the pavement. Defendant GKC Industries, Inc. was the general *601 contractor hired by NYCHA to renovate the grounds of the subject premises several years earlier.
The record, including testimonial and photographic evidence, demonstrates that dismissal of the complaint as against both defendants is warranted since the alleged defective condition, namely the wicket fence, was open and obvious, and not inherently dangerous (see Matthews v Vlad Restoration Ltd., 74 AD3d 692 [1st Dept 2010]; Goldban v 56th Realty, 304 AD2d 408 [1st Dept 2003]). Plaintiff’s expert failed to support his opinion that the planting area was defectively designed, and the provision of the Building Code alleged to have been violated is inapplicable to the planting area (see e.g. Etheridge v Marion A. Daniels & Sons, Inc., 96 AD3d 436 [1st Dept 2012]).
In view of the finding that the defect is not actionable, we need not address the remaining arguments in favor of dismissal of the complaint.
Concur—Renwick, J.P, Richter, ManzanetDaniels, Feinman and Gische, JJ.