Warshak v City of New York (2021 NY Slip Op 06974)





Warshak v City of New York


2021 NY Slip Op 06974


Decided on December 14, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 14, 2021

Before: Kern, J.P., Kennedy, Scarpulla, Mendez, Shulman, JJ. 


Index No. 155256/16 Appeal No. 14826 Case No. 2021-01398 

[*1]David Warshak, Plaintiff-Appellant,
v
City of New York et al., Defendants-Respondents.


Sim & Depaola, LLP, Bayside (Sang J. Sim of counsel), for appellant.
London Fischer LLP, New York (Amy Pimer of counsel), for respondents.



Order, Supreme Court, New York County (Lynn R. Kotler, J.), entered March 10, 2021, which granted defendants' (together, the City) motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
This action arises from plaintiff's trip and fall over a median barrier while crossing Broadway at West 61st Street in Manhattan. The City established prima facie that it adequately designed, constructed and maintained its roadway in a reasonably safe condition, including the mall and barrier at issue (see Chunhye Kang-Kim v City of New York, 29 AD3d 57, 59 [1st Dept 2006]; Carlebach v City of New York, 168 AD3d 472 [1st Dept 2019]). The record shows that the City did not have actual notice either of the alleged tripping hazard or of a streetlight malfunction that was unresolved before plaintiff's accident (see Administrative Code of City of NY § 7-201[c][2]; Benjamin v City of New York, 178 AD3d 557, 557 [1st Dept 2019]; Carlebach, 168 AD3d at 472-473).
In opposition, plaintiff failed to raise an issue of fact. His expert's opinion that good and accepted engineering and transportation industry safety practices required that the barrier have reflective tape or paint on it and that the opening be enlarged or the crosswalk narrowed is unsupported by a published standard or evidence that the practices were generally accepted in the relevant industries (see Jones v City of New York, 32 AD3d 706, 707 [1st Dept 2006]). Moreover, plaintiff's photograph, which purported to show the lighting conditions on the night of the accident, was unauthenticated, as plaintiff failed to aver that the photograph was taken at the actual location, he had disclaimed having any photographs of the location at his deposition 18 months after the accident, and another witness testified that he was unsure which intersection was depicted (see Rivera v GT Acquisition 1 Corp., 72 AD3d 525 [1st Dept 2010]; Cordova v 653 Eleventh Ave. LLC., 190 AD3d 637, 638 [1st Dept 2021]).
We have considered plaintiff's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 14, 2021