Peranzo v WFP Tower D Co. L.P. (2022 NY Slip Op 00147)





Peranzo v WFP Tower D Co. L.P.


2022 NY Slip Op 00147


Decided on January 11, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 11, 2022

Before: Gische, J.P., Kern, Friedman, Oing, Singh, JJ. 


Index No. 154704/16, 595094/17, 595128/17 Appeal No. 15041-15042 Case No. 2020-04866, 2020-04865 

[*1]Amedeo Peranzo, Plaintiff-Respondent,
v
WFP Tower D Co. L.P. et al., Defendants-Respondents, Titanium Scaffold Services, LLC, Defendant- Appellant.
Titanium Scaffold Services, LLC, Third-Party Plaintiff-Appellant,
v
Pier Head Associates, Ltd. et al., Third-Party Defendants-Respondents. [And a Second Third-Party Action.]


Wilson Elser Moskowitz Edelman & Dicker LLP, New York (Patrick J. Lawless of counsel), for appellant.
Barry McTiernan & Moore LLC, New York (Patrick Kenny of counsel), for WFP Tower D Co. L.P., Brookfield Financial Properties L.P. and Structure Tone, Inc., respondents.
Furman, Kornfeld & Brennan LLP, New York (Andrew S. Kowlowitz of counsel), for Pier Head Associates, Ltd., respondent.



Order, Supreme Court, New York County (Lucy Billings, J.), entered on or about May 18, 2020, which, to the extent appealed from as limited by the briefs, granted third-party defendant Pier Head Associates, Ltd.'s (Pier Head) motion for summary judgment dismissing defendant/third-party plaintiff Titanium Scaffold Services, LLC's (Titanium) third-party claim for contractual indemnification as against it, and denied Titanium's cross motion for summary judgment on its contractual indemnification claim against Pier Head, unanimously affirmed, without costs. Order, same court and Justice, entered on or about August 19, 2020, which, to the extent appealed from as limited by the briefs, denied Titanium's motion for summary judgment dismissing plaintiff's negligence and Labor Law § 200 claims against it, denied Titanium's motion for summary judgment dismissing defendants WFP Tower D. Co. L.P. (WFP Tower), Brookfield Financial Properties L.P. (Brookfield), and Structure Tone, Inc's (Structure Tone) cross claims for contractual indemnification as against it, denied Titanium's motion for summary judgment on its third-party claim for contractual indemnification against third-party defendant Commodore Construction Corp. (Commodore), granted unconditionally WFP Tower and Brookfield's motion for summary judgment on their contractual indemnification claims against Titanium, granted conditionally Structure Tone's motion for summary judgment on its contractual indemnification claim against Titanium, and granted Commodore's cross motion for summary judgment dismissing Titanium's contractual indemnification claim as against it, unanimously reversed, on the law, without costs, to grant Titanium's motion for summary judgment dismissing plaintiff's negligence and Labor Law § 200 claims as against it, and, upon a search of the record, grant summary judgment to Structure Tone dismissing plaintiff's negligence and Labor Law § 200 claims as against it, and grant Titanium's motion for summary judgment dismissing WFP Tower's, Brookfield's and Structure Tone's cross claims for contractual indemnification as against it, deny WFP Tower's, Brookfield's and Structure Tone's motion for summary judgment on their contractual indemnification claims against Titanium.
The motion court properly dismissed Titanium's contractual indemnification claims against Pier Head as there was no evidence that Pier Head was negligent in the performance of its contract with Titanium so as to trigger the indemnification clause of the parties' subcontract (see Rubino v 330 Madison Co., LLC, 150 AD3d 603, 604 [1st Dept 2017]; Hamill v Mutual of Am. Inv. Corp., 79 AD3d 478, 479-480 [1st Dept 2010]). The unambiguous language of the parties' agreement expressly limits Pier Head's indemnity to situations where Pier Head's negligence was responsible for plaintiff's injuries, and pursuant to its terms, superseded the later indemnification agreement signed by the parties. Since there was no ambiguity in the subcontract[*2], Titanium's argument that the court ignored testimony as to the parties' intentions is unavailing (see Universal Am. Corp. v National Union Fire Ins. Co. of Pittsburgh, Pa., 25 NY3d 675, 680 [2015]; Gilbane Bldg. Co./TDX Constr. Corp. v St. Paul Fire & Mar. Ins. Co., 143 AD3d 146, 156 [1st Dept 2016], affd 31 NY3d 131 [2018]).
Based on the testimonial evidence and photographs in the record, Titanium, which did not erect the scaffolding, established prima facie that the horizontal cross-bracing bar affixed to the scaffold, about 14 inches above the ground, which plaintiff tripped over while attempting to step over it, was open and obvious, and not inherently dangerous (see Panetta v Paramount Communications, 255 AD2d 568, 568 [2d Dept 1998], lv denied 93 NY2d 806 [1999]; Matthews v Vlad Restoration Ltd., 74 AD3d 692, 692 [1st Dept 2010]; Connor v Taylor Rental Ctr., 278 AD2d 270 [1st Dept 2000]; Wendell v Sylvan Lawrence Co., 279 AD2d 383, 383 [1st Dept 2001]). Plaintiff, a carpenter for 28 years, testified that the cross-bracing was readily observable, he was aware of its presence, having stepped over it without incident on four to six prior occasions, and that the bar was stationary and secure and did not move or shift when his foot struck it.
Plaintiff's own imprudent act of attempting to climb over the cross-bracing bar, rather than use the available openings in the scaffold without bars, was the sole proximate cause of his injury (see Robinson v East Med. Ctr., LP, 6 NY3d 550, 554-555 [2006]; Montgomery v Federal Express Corp., 4 NY3d 805, 806 [2005]). Plaintiff was admittedly aware that a safer method was available to him, and instead chose not to use it (see Robinson, 6 NY3d at 554).
In opposition, plaintiff failed to raise a triable issue. His expert's affidavit failed to set forth violations of industry-wide standards or supporting data for his conclusory opinions (see Jones v City of New York, 32 AD3d 706, 707 [2006]; Matthews v Vlad Restoration Ltd., 74 AD3d at 693).
Structure Tone also cannot be held liable for plaintiff's injuries on the ground that the condition was not inherently dangerous. Accordingly, upon our search of the record, we grant summary judgment to Structure Tone on plaintiff's Labor Law § 200 and negligence claims.
Titanium's motion for summary judgment dismissing the contractual indemnification claims brought by WFP Tower, Brookfield and Structure Tone should have been granted and WFP Tower's, Brookfield's and Structure Tone's motion for summary judgment on their contractual indemnification claims against Titanium should have been denied. The language of the indemnification provision in the parties' contract specifically provides for indemnification from acts, omissions, breach, or default of Titanium and its subcontractors, in connection with the performance of the work. As we have found that plaintiff's injuries were not caused by any acts, omissions, breach or default of Titanium or its subcontractors, but [*3]rather by plaintiff's own actions, Titanium has no obligation to indemnify WFP Tower, Brookfield or Structure Tone.
The court also properly denied summary relief on Titanium's contractual indemnification claim against Commodore and granted Commodore's motion for summary judgment dismissing that claim. The purported indemnification agreement between Titanium and Commodore, relied upon by Titanium, was not authenticated and was insufficient to support summary judgment (see Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). In any event, the indemnification agreement lacks consideration because Commodore was hired by Structure Tone (see Benitez v Church of St. Valentine Williamsbridge N.Y., 171 AD3d 593, 594 [1st Dept 2019]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 11, 2022