EVUNP Holdings LLC v Frydman (2024 NY Slip Op 01342)

EVUNP Holdings LLC v Frydman

2024 NY Slip Op 01342

Decided on March 14, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 14, 2024

Before: Webber, J.P., Oing, González, Kennedy, Shulman, JJ. 

Index No. 650841/14 Appeal No. 1844 Case No. 2023-00102 

[*1]EVUNP Holdings LLC, et al., Plaintiffs-Appellants,
v
Jacob Frydman, et al., Defendants-Respondents, Sunset Singal, et al., Defendants.

Gulko Schwed, LLP, Cedarhurst (Asher Gulko of counsel), for appellants.
Jacobs, P.C., New York (Eduard Kushmakov of counsel), for respondents.

Order, Supreme Court, New York County (Joel M. Cohen, J.), entered on or about July 20, 2022, which, to the extent appealed from as limited by the briefs, granted defendants' motion for summary judgment dismissing the causes of action for fraudulent inducement (first cause of action), declaratory judgment (second cause of action), and conversion (third cause of action), unanimously affirmed, with costs.
Supreme Court correctly dismissed the cause of action for fraudulent inducement, as the only purported misconduct relied upon by plaintiffs was the conduct of nonparty Martin Bell, who is alleged to have engaged in fraud by breaching attorney ethical rules. Plaintiffs failed to explain how a nonparty's alleged breach of the ethical rules would invalidate a contract on a fraudulent inducement theory, which requires a showing that a defendant made a false representation for the purpose of inducing another to act on it (see generally Perrotti v Becker, Glynn, Melamed & Muffly LLP, 82 AD3d 495, 498 [1st Dept 2011]). Furthermore, even assuming that Bell's alleged conduct could be imputed to defendants — which it cannot — plaintiffs' fraudulent inducement claim still fails, as they have not pointed to any specific statement made by defendants (or by anyone else) that would have fraudulently induced the contract (id.). Nor have they established how and to what extent they were damaged (id.). Instead, plaintiffs make conclusory allegations that Bell had conflicts of interest and passed on confidential information to defendants, resulting in a contract that was not beneficial to plaintiffs for unexplained reasons.
The contract's broad release language also bars the fraudulent inducement claim, as plaintiffs did not establish a separate fraud relating to the release (see Centro Empresarial Cempresa S.A. v AmÉrica. MÓvil, S.A.B. de C.V., 17 NY3d 269, 276-279 [2011]).
Supreme Court properly dismissed the declaratory judgment cause of action because the subject of the proposed judgment — whether plaintiff Eli Verschleiser had an interest in United 866 Management, LLC — was resolved in arbitration and therefore, no justiciable controversy remained (see generally Touro Coll. v Novus Univ. Corp., 146 AD3d 679, 679-680 [1st Dept 2017]). The court also properly dismissed plaintiffs' conversion cause of action. Having initially failed to oppose defendants' assertion that the conversion claim should be dismissed, plaintiffs now argue on appeal that there is "property at issue," an argument that is not properly before us (see Pirraglia v CCC Realty NY Corp., 35 AD3d 234, 235 [1st Dept 2006]). In any event,
plaintiffs fail to establish the specific property or equipment that defendants have unlawfully obtained in order to sustain a conversion claim. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 14, 2024